## SUPREME COURT.

In the matter of the claim of AGNES MARY GRANT agt. ELISHA W. CHESTER, gentleman, &c.

Where attorneys at law receive money for investment, in their professional character, the right exists of proceeding *summarily* against them to compel the payment over of such money in their hands. It is not essential that they should have received the money in any suit or legal proceeding, or that they should have been employed to commence legal proceedings.

*New-York Special Term, December,* 1858.

THIS was an application made by Mrs. Agnes Mary Grant,

to compel the defendant Chester, an attorney of this court, to pay over to her moneys, the proceeds of drafts placed by her in his hands, early last summer, to invest upon bonds and mortgages. In July or August, she determined to make a different use of the money, and, as it was not then loaned on bond and mortgage, gave him notice that she should want it in October and November. On the 1st of November, she called upon him for it, and he refused to give it up to her, insisting that he had promised to loan it on bond and mortgage, and also that he had received information that the money was in some way trust funds, and that, until he could obtain information from England in relation to the manner Mrs. Grant obtained them, he would not pay them.

W. TRACY, *for Mrs. Grant.*
E. W. CHESTER, *in person.*

BALCOM, Justice. This is a motion to compel Elisha W. Chester, an attorney of this court, to pay over certain moneys in his hands to Mrs. Agnes Mary Grant; and the affidavits and papers read on the hearing have satisfied me that the moneys in question belong to Mrs. Grant. They were received by Mr. Chester on drafts delivered to him by Mrs. Grant; and there is no satisfactory evidence that they belong to any other person.

The moneys were received by Mr. Chester to invest on bond and mortgage for Mrs. Grant; but he has not invested them on such security. He has loaned a portion thereof on a note, or in some other manner not authorized by Mrs. Grant. And I am of the opinion, notwithstanding the very friendly feeling that exists between the parties, that Mr. Chester would not have been employed by Mrs. Grant to invest her moneys, if he had not been an attorney; also, that he was intrusted with her moneys in consequence of his being an attorney, and received the same in his professional character.

Attorneys are frequently employed to invest money for their clients; and whenever they receive money in their profession

al character, the right exists of proceeding summarily against them to compel the payment over of such money in their hands. It is not essential that they should have received the money in any suit or legal proceeding, or that they should have been employed to commence legal proceedings. (4 *Hill,* 42.) And I think Mr. Chester is liable, within these rules, to be proceeded against summarily to compel him to pay over to Mrs. Grant the moneys in his hands belonging to her. His alleged good motive in retaining the moneys to save them for her children, or to prevent her from making an ipmrovident loan of the same, is no legal excuse for his refusal to pay them to her when she requested him to do so. Mr. Chester has a demand against Mrs. Grant for services rendered in making investigations preparatory to loaning her money on bonds and mortgages, and I am unable to determine, upon the affidavits and papers before me, the exact amount of money Mrs. Grant has in Mr. Chester's hands, including whatever interest thereon he is justly liable for, over and above the amount due him for his services. It is, therefore, ordered that the matter be referred to the Hon. Charles A. Peabody, to ascertain and report to the court the balance due Mrs. Grant from Mr. Chester, over and above his claim against her for services. Either party may be examined on oath before the referee, at the instance of the other, or in his or her own behalf. And upon filing the referee's report, an order may be entered that Mr. Chester pay over to Mrs. Grant the balance of money that shall be found due her by the referee, within ten days after the service on him of a copy of such order.