Bruce *v.* Davenport.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]

BRUCE and others *vs.* DAVENPORT and others.

An agent cannot act for his own benefit in relation to the subject matter of the agency, to the injury of his principal.

An agent is bound to follow the instructions of his principal; and if he neglects to do so, he will make himself liable for the loss or damage which his principal sustains.

The plaintiffs were employed by·T. D., in behalf of himself and J. D., who were partners, as their brokers and agents, to sell a certain promissory note held by them, made by third persons, and were instructed to sell the same at a discount of twelve per cent, without their indorsement and without recourse. Subsequently the plaintiffs called upon J. D., in the absence of T. D., and by falsely stating that T. D. had before indorsed similar notes which the plaintiffs had been employed to sell, and concealing from him the fact that T. D. had instructed them to sell without recourse, procured from him the indorsement of the name of the firm upon the note. *Held* that the indorsement having been obtained by an abuse of the confidential relation of principal and agent, did not constitute a contract upon which the latter could sue the former.

*Held also,* that for the same reasons the indorsement could not be considered a modification of the instructions to sell without recourse; and that for whatever damage the principals had sustained, by the disregard of their instructions, the agents were liable.

APPEAL from a judgment entered upon the report of a referee. The action was brought against the defendants

as indorsers of a promissory note made by the firm of Beale, Mellick & Dewitt, to their own order, dated March 20th, 1857, for the sum of $2350.69, payable four months after date. The defendants put in an answer, in which they alleged: That, previous to the making of the note in suit, the defendants had other similar notes, made by the same parties, and that Thomas Davenport, one of the defendants, took said notes to the plaintiffs, as brokers, to sell without their indorsement, and without recourse to them in any event. That the plaintiffs undertook to sell and did sell them in that way at an usurious rate of interest. That after said agreement and the sale of said notes, Thomas Davenport, one of the defendants, left the note mentioned in the complaint with the plaintiffs, for sale without their (the defendants') indorsement, without recourse to them, and they undertook and agreed so to sell the same. That the plaintiffs, well knowing and understanding said agreement and the facts, went to James S. Davenport, in the absence of the said Thomas Davenport, and falsely stated and represented to him that said Thomas Davenport had indorsed all the other similar notes in the firm name, and would indorse the one in suit if he were present, and, by these and other false and fraudulent representations, induced the defendant James S. Davenport, without the knowledge or consent of the other defendants, to indorse said note in the firm name of the defendants; and the defendants alleged that the plaintiffs never sold said note, and they claimed that said indorsement was without any consideration, and was obtained by fraud, false representations and deceptions, and is void; and that they are not legally or equitably bound as indorsers, by reason of the fraud practiced upon, and the false and fraudulent representations made to, said James S. Davenport. The defendants also set up the statute against usury, as a defense, and alleged, by way of counter-claim, the payment of $600 to the plaintiffs by the makers of the note.

It appeared on the trial, before the referee, that Thomas

Davenport did not hear of the transaction until a day or two before the maturity of the note; when he and J. S. Davenport repudiated the indorsement—as having been obtained by fraud and false representations. The referee reported in favor of the plaintiffs for the whole amount claimed; and the defendants appealed from the judgment.

*Wm. W. Niles,* for the appellants.

*Chas. S. Webb,* for the plaintiffs.

*By the Court,* LEONARD, J. An agent cannot act for his own benefit in relation to the subject matter of the agency, to the injury of those by whom he is employed. The relation of principal and agent is of a confidential character, demanding the utmost truth and good faith between them. An agent is required to follow the instructions of his principal, and if he neglects to do so, he will make himself liable for the loss or damage which his principal sustains.

In this case the acting principal, one of the defendants' firm, instructed the plaintiffs, who were the agents of the defendants in the matter, to sell a certain promissory note, belonging to the defendants and then committed to the plaintiffs for sale, without recourse to the defendants, at a discount of twelve per cent. These instructions it was necessary for the plaintiffs to follow; and unless they were afterwards changed or modified by the defendants, the plaintiffs are liable for the loss or damage which the defendants sustain in consequence of the disregard of those instructions.

The modification of these instructions, if any, arises from the fact that another member of the defendants' firm, in the absence of the member who gave the instructions to the plaintiffs, and delivered the note to them, indorsed it with the name of the defendants' firm. Such an act, under ordinary circumstances, would clearly amount to a revocation of instructions to sell without recourse. Either member could

bind the firm by indorsement in the regular course of business for the benefit of the firm.

In the present case it does not appear that the member of the defendants' firm who indorsed the note knew that his absent partner had instructed the plaintiffs to sell without recourse, while the plaintiffs did know it, and omitted to communicate the fact to them when he applied for the defendants' indorsement. The plaintiffs also induced the indorsement, by stating that the absent partner had before indorsed the notes of the same makers which the plaintiffs had been employed to sell. This latter statement was wholly without foundation in fact. The plaintiffs thereupon indorsed the note for their own purposes, without any request from the defendants, and procured it to be discounted at seven per cent, and made return to the defendants of the proceeds of the note at the rate of twelve per cent discount, retaining the difference in the rate of discount, fraudulently, for their own benefit.

The note not being paid at maturity the plaintiffs took it up, to protect their own indorsement, and now bring this action to recover of the defendants as prior indorsers.

The conduct of the plaintiffs was marked by an abuse of the trust reposed in them, at every step. An indorsement so obtained by an agent cannot be considered as a change or modification of his instructions, or as creating the usual obligation as to the agent which arises from the act of indorsing mercantile paper. The plaintiffs well knew that one member of the defendants' firm had expressly refused to indorse that particular note, and that, as to that particular member, there was not only no contract by the indorsement, but an absolute refusal to make one. The indorsement deprived the defendants of the advantage of disposing of the note in the market to such persons as might choose to purchase it without the indorsement, which the defendants desired to avoid.

There is no evidence tending to show that the makers of the note were not in good credit, or that the defendants had

Bruce *v.* Davenport.

any knowledge of their circumstances pecuniarily, which was not common to every body in the community. No improper motive is to be attributed to the defendants, in the absence of proof, for desiring to sell the note without incurring liability by indorsement.

If the defendants are to be held liable by this indorsement, then the design of the financial member of the firm in selling the note without recourse to them will be frustrated, by the action of the agents who were employed to dispose of the note in a different manner.

It has been said that the defendants have had the plaintiffs' money, and ought therefore to be held liable. If so, let the plaintiffs bring their action directly for money loaned or paid out for the account of the defendants.

But, in my opinion, no contract exists between the plaintiffs and defendants upon the indorsement of this note. The indorsement was obtained by an abuse of the confidential relation of principal and agent, and does not as between them, in favor of the guilty party, constitute a contract.

The same reasons will also prevent the indorsement from being considered a modification of the instruction to sell without recourse. Whatever damage the defendants have sustained by the disregard of their instructions, the plaintiffs must bear.

The judgment should be reversed and a new trial be ordered, with costs to abide the event, and the cause be sent back to the referee.

[New York General Term, February 3, 1862. *Ingraham, Leonard* and *Clerke*, Justices.]