HENRY S. FEARING *et al. against* ROBERT IRWIN *et al.*

*It seems* that where a case is agreed upon and submitted without action, under § 372 of the Code of Procedure, the court have no power to decide as to the existence of any of the facts admitted to exist by the case submitted, and cannot against the will of one of the parties strike out an admission of fact therein contained.

Even if such a power exists in the court, it will not be exercised where the admission has not been made under any mutual misconception or mistake, nor procured by fraud.

MOTION to amend a case agreed upon and submitted in a controversy without action, by striking out an admission contained in it.

The question submitted to the court for its decision was, whether Apthorp's lane and Bloomingdale road, in the city of New York, had been duly closed according to law, and whether the plaintiffs, as abutting owners, acquired the fee simple to the

middle of the road. By the case as agreed on, it was admitted that when the road was so closed, the plaintiffs would become such owners, and the deed under which the plaintiffs claimed was also set out. This court, at general term, held that under the deed set out in the case, the plaintiffs would not, on the closing of the road, become such owners; but that as such right of ownership in them was admitted, the presumption was that they claimed under other sources of title, as·well as under the deed, and that the admission was conclusive.

The court, therefore, having concluded that the road had been closed, adjudged the title to the center to be in the plaintiffs (reported in. 4 Daly, 385 ; affirmed in 55 N. Y. 486).

This motion was made to strike out the admission as to the ownership on the closing of the road.

*Per curiam.*\*—We consider it exceedingly doubtful whether the court has any power to grant such an application as this. Our jurisdiction is founded upon a case containing facts which the parties have agreed upon, and submitted without action ; and what we are asked to do is to amend the case by striking out a part of it against the will of the plaintiffs. But whether we have any such power or not, this is not a case where there has been any fraud, or any mutual misconception or mistake. The motion is, therefore, denied.

\* Present—DALY, Ch. J., and ROBINSON and J. F. DALY, JJ.