## SHEEHAN v. ERBE.

(Supreme Court, Appellate Division, First Department. March 24, 1905.)

1. ATTORNEY AND CLIENT—ESTABLISHMENT OF RELATIONSHIP.

In order to constitute the relation of attorney and client, it is not necessary that the attorney should have appeared as attorney in legal proceedings; but where it is shown that an attorney is consulted to extricate a person from his difficulties, and the attorney undertakes to act for the person consulting him, the relation exists.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 85, 86.]

2. SAME—FIDUCIARY CAPACITY—ATTORNEY AND CLIENT—TRANSFER TO ATTORNEY—BURDEN OF PROOF.

Where an attorney accepts a transfer of property from his client, the burden is on the attorney, when the transaction is assailed, to establish that the transfer was a fair one, and that the client understood its terms and conditions.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 239–249.]

3. SAME—TRANSFER OF PROPERTY—TRANSFER INDUCED BY FRAUD—SUIT FOR RESCISSION—JUDGMENT.

Where, by agreement between plaintiff and defendant, plaintiff was to transfer to defendant half of plaintiff's interest in a lease, and defendant was to pay certain debts and judgments against plaintiff, and apply the rents to the payment of a mortgage, and thereafter defendant was to re-

ceive half of the rents for a specified period, but defendant fraudulently induced plaintiff to execute a transfer of the entire lease, in an action by plaintiff to have the transfer declared void or declared one in trust, and reformed, and for an accounting, a judgment setting aside the transfer in its entirety, and for an accounting by defendant, so that the amount of the rents received by him might be ascertained, was proper.

Appeal from Special Term, New York County.

Action by William Sheehan against William Erbe. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James P. Niemann, for appellant.
John J. Lenehan, for respondent.

INGRAHAM, J. This action was before this court on a former appeal from a judgment in favor of the defendant. 77 App. Div. 176, 79 N. Y. Supp. 43. The facts are there stated, and it is not necessary to restate them. We held that there existed between the plaintiff and the defendant a relation of trust and confidence, and that upon the defendant rested the burden of showing that the transaction which resulted in vesting the title of the leasehold in the defendant was a fair one, and that the plaintiff fully understood the contents of the assignment executed by him and its effect, and that the defendant did not take undue and unconscionable advantage of him. Upon this appeal the defendant attacks this determination as to the relation between the parties, and we have again considered the question, but think there is no doubt as to the correctness of our former determination. The defendant was an attorney at law connected with Mr. Ashbel P. Fitch, who was the attorney for Jacob Ruppert. Ruppert had advanced $6,000 to the plaintiff, and had taken a mortgage for that amount upon the leasehold property which is the subject of this dispute. The plaintiff, becoming involved, applied to Ruppert for a further loan, which was refused. Several small judgments had been obtained against the plaintiff, and proceedings supplemental to execution had been instituted, and a receiver appointed, who was in possession of the leasehold property. Ruppert had commenced an action to foreclose his mortgage, Mr. Fitch appearing as his attorney. This being the condition, the plaintiff, at the suggestion of one of Ruppert's employés, applied to the defendant for assistance. Several propositions were made by the plaintiff, which were declined by the defendant, but finally an arrangement was made under which the defendant procured from the plaintiff an absolute assignment of the leasehold premises. We have no doubt but that the defendant's position as an attorney at law who had acted in relation to the transaction as between Ruppert and the plaintiff was the basis of the relation which existed between the plaintiff and the defendant. To establish this relation of attorney and client, it is not necessary that the attorney should have appeared as attorney in legal proceedings. Where it appears that an attorney is consulted to extricate a person from his difficulties, and that the relation commenced because of the position held by the attorney, and the attorney undertakes to act for the per-

son consulting him, the relation of attorney and client exists; and when, under those circumstances, an attorney accepts a transfer of property from his client, the burden is upon the attorney, when the transaction is assailed, of establishing the fact that the transfer was a fair one, and that his client understood its terms and conditions. The defendant's statement of the negotiations that led up to this arrangement was that, after several propositions had been made and declined, the defendant proposed that he would pay off the judgments for the best figures he could, that he would pay half of the Ruppert mortgage, and that plaintiff should assign to defendant a half interest in the lease, and that the plaintiff said: "All right. I will let it go at that." Thus, the arrangement proposed, and which was actually made, according to the defendant's testimony, was that he would pay one-half of Ruppert's mortgage and the judgments, for an assignment of one-half of the lease. The defendant then prepared the papers to be executed, but, instead of preparing an assignment for a half interest in the lease, he prepared and procured to be executed an instrument which purported to grant, sell, and convey to the defendant the indenture of lease, without any writing which expressed the true arrangement between the parties, and under this assignment be entered into possession of the premises, assumed to act as owner, and collected and disposed of the rents.

It is quite apparent that this instrument did not express the true arrangement that had been made between the parties, and that plaintiff signed the same relying upon the relation that existed, and the confidence that resulted therefrom. Upon this statement, the plaintiff would have been entitled to a judgment reforming the instrument so that it would correctly express the arrangement between the parties; but, as to the agreement that was actually made, the burden being upon the defendant to show that it was a fair and honest one, and was understood by the plaintiff, he has failed to support this burden. It was certainly not a fair and honest way of treating the plaintiff to propose an agreement by which the defendant was to have half of the lease, and thus be entitled to half of the rents, and then to prepare and induce his client to execute a transfer of the entire lease, without any corresponding instrument which would define the plaintiff's interest in it.

The plaintiff, however, tells an entirely different story of the arrangement; and, after hearing the testimony, the court has found that, at the time of the execution of the assignment the agreement was that the defendant promised to pay certain debts and judgments against the plaintiff to the amount of $2,100, and to apply all the rents of the two new buildings to the payment of Ruppert's mortgage of $6,000, until said mortgage should be paid, while the plaintiff was to continue to receive $1,000 a year, the net rent of the former tenants, and that after the payment of said mortgage to Ruppert the defendant was to receive one-half of the net rents of the said two buildings until April 13, 1903, the same being a period of seven years from April 13, 1896, when the agreement was executed; that the defendant handed to the plaintiff a typewritten paper, which the plain-

tiff believed contained said agreement or its substance, and which the plaintiff unsuccessfully attempted to read and handed back to the defendant, who then purported to read it to the plaintiff, but not according to its terms; that, trusting everything to the defendant, the plaintiff signed a paper which he believed to be the typewritten paper so read to him, embodying the said agreement; that the plaintiff could not read the paper which he signed, and it was never read to him; that this paper was in the handwriting of the defendant, on a blank form, and was an absolute assignment of the lease to the defendant; that the plaintiff never intended to execute an absolute assignment of the lease and right to renewal, and his signature to the assignment was induced and procured by the fraud of the defendant, who took advantage of the plaintiff's ignorance and incapacity, and induced the plaintiff, by misrepresentations and threats, to sign said assignment; and that said assignment was obtained by false and fraudulent representations from the plaintiff, who was incapable of properly understanding the meaning and effect of the instrument he signed. An examination of the testimony has satisfied us that there was evidence to sustain these findings of fact; that advantage was taken of the plaintiff to procure his signature to this absolute assignment, he supposing that he was signing an instrument which carried out the agreement that was actually made; that the instrument that he did sign did not carry out the agreement that was made; and that the judgment setting aside the transfer of the lease, and directing its retransfer to the plaintiff, necessarily followed from these findings of fact.

A review of the testimony is quite unnecessary. The judgment which followed this decision is as favorable to the defendant as the facts justified. Under the agreement as found by the court at the time of the judgment, the plaintiff was entitled to regain the possession of the property, and therefore the plaintiff was entitled to an absolute retransfer of the leasehold interest that had been assigned to the defendant. As the court has found that the defendant failed to comply with his agreement as to the payment of these judgments, and the discharge and satisfaction of the Ruppert mortgage, it was quite proper to order an accounting by the defendant, so that the amount of rents that he had received, and the amount which, under the agreement, was coming to the defendant, could be ascertained, and thus the accounts between the parties finally settled, and such accounting was properly directed by the judgment. The case was tried with care by the learned trial judge, and there are no rulings upon evidence which require consideration, or which are relied upon by the appellant.

Our conclusion is that the plaintiff was entitled to the judgment which has been awarded him, and that the judgment appealed from should be affirmed, with costs. All concur.