In re McINTOSH.

(Supreme Court, Special Term, New York County.   October 19, 1908.)

1. ATTORNEY AND CLIENT — RELATION — INTERFERENCE BY COURT IN SUMMARY MANNER.

Where one is employed in a matter wholly unconnected with his professional character as attorney, the court will not interfere in a summary way to compel him to execute the trust reposed in him; but where the employment is so connected with his professional character as to afford a presumption that his character formed the ground of his employment, the court will exercise such jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 267.]

2. SAME.

Where an attorney, acting in a professional capacity with respect to the affairs in the state of a nonresident client, and having sole charge of her affairs in the state, took, as trustee for the client, a chattel mortgage, on which he collected a specified amount, which he refused to pay over on demand, the client might maintain a proceeding to compel the attorney to turn over the money collected, less his reasonable fees.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 267.]

Application by Janet McIntosh to compel Charles N. Ironside, an attorney and counselor at law, to pay over certain funds in his possession, alleged to be the property of petitioner.   Motion granted.

Wasserman & Jacobus, for the motion.

Joseph Hover, opposed.

GIEGERICH, J.   It appears from the papers submitted that the respondent, an attorney at law, took, as trustee for the petitioner, a chattel mortgage on certain chattels upon which he has collected $121, which he refuses to pay over after demand duly made.   It further appears that the client resided and still resides without the state; that the attorney acted in a professional capacity with reference to her affairs in this state; that he had sole charge and control of her interests here; that the chattel mortgage was taken by him as trustee, while acting for her in a professional capacity, and that confidence was reposed in him by the petitioner by reason of his professional character; that he prepared the mortgage, renewed the same upon the expiration of the year, and acted in all respects as the attorney for the petitioner.   The rule applicable to such a situation is laid down in Matter of Atkin, 4 Barn. & Ald. 47, where Abbott, C. J., said:

"Where a person is employed in a matter wholly unconnected with his professional character, the court will not interfere in a summary way to compel him to execute faithfully the trust reposed in him; but where the employment is so connected with his professional character as to afford a presumption that his character formed the ground of his employment by his client, then the court will exercise this jurisdiction."

The foregoing rule has been applied in numerous cases in this state, among which may be cited Matter of Dakin, 4 Hill, 42;  Grant v. Chester, 17 How. Prac. 260;  Matter of Husson, 26 Hun, 130;  Sheehan v. Erbe, 103 App. Div. 7, 92 N. Y. Supp. 862;  and People ex rel.

White v. Feenaughty, 51 Misc. Rep. 468, 101 N. Y. Supp. 700. The attorney should accordingly be compelled to turn over to his client the sum so collected, less any reasonable fee which he is legally entitled to as an attorney at law for services rendered and the sums necessarily expended by him.

The respondent admits in his answer that he received $121, although in the statement rendered by him for the period ending December 31, 1907, he claims to have received only $95. A claim is made in that statement for $36.05 for services and disbursements, and if the parties in interest will agree upon such sum as the reasonable value of the respondent's services and the moneys expended by him, an order may be entered directing the payment of the balance, viz. $84.95, within such time as shall be provided in the order to be entered hereon; otherwise, a reference will be ordered for the purpose of determining the reasonable value of the respondent's services and the sums necessarily expended by him. Such reference shall proceed upon two days' notice, and shall be completed in not more than two sessions.

Settle order on notice.