LA FORGE v. CORNELL.

(Supreme Court, Appellate Term. February 8, 1911.)

1. COURTS (§ 190\*)—MUNICIPAL COURTS—JUDGMENT—REVIEW.

　　Under Municipal Court Act (Laws 1902, c. 580) § 326, authorizing the appellate court to render judgment according to the justice of the case, the court on appeal from a judgment of the municipal court may reverse the judgment, where it is satisfied that justice has not been done.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PRINCIPAL AND AGENT (§§ 69, 81*)—FIDUCIARY RELATION—OBLIGATION OF AGENT.

    The relation of principal and agent is a fiduciary one, requiring the utmost good faith from the agent, and forbidding any interest adverse to his principal, so that his act in speculating on the subject-matter of the agency for his own profit is a breach of duty authorizing the principal to recover the profits gained, and to defeat the agent's claim of compensation.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 130–145, 221; Dec. Dig. §§ 69, 81.*]

3. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—MONEY HAD AND RECEIVED.

    While the municipal court of the city of New York has no equitable jurisdiction, it has jurisdiction of an action for money had and received.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADINGS.

    Where no objection is raised as to the form or sufficiency of the pleadings in the municipal court, the court may arrive at any result justified by the proof.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

5. BROKERS (§ 31*)—INDIVIDUAL INTEREST—PROFITS.

    Where an agent employed to sell land took an unfair advantage of the principal, and bought the land for $160, and then immediately resold it for $300, the principal could recover the profit made by the agent.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 24; Dec. Dig. § 31.*]

6. MONEY RECEIVED (§ 6*)—RIGHT OF ACTION.

    To sustain an action for money had and received, it is sufficient to merely show that defendant has in his possession money belonging to plaintiff which he cannot conscientiously retain, and it is not necessary to prove that money belonging to plaintiff was actually and physically given to and received by defendant.

    [Ed. Note.—For other cases, see Money Received, Cent. Dig. § 22; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sarah C. La Forge against Daniel T. Cornell. From a judgment of the Municipal Court for defendant, plaintiff appeals. Reversed, and a new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Michael J. Horan, for appellant.

Frederick S. Mullen, for respondent.

GAVEGAN, J. The summons contained the indorsement:

"Complaint, action to recover damages for fraud."

The pleadings were oral. The defense was a general denial and a counterclaim for $60, but the counterclaim was withdrawn at the end of the proof. The plaintiff was the owner of two lots in the borough of Richmond, New York City; the defendant a real estate broker and auctioneer. On September 3, 1908, plaintiff called at defendant's office, and asked him what prices lots were bringing in the vicinity of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

her lots. Defendant informed her that lots were selling at that time for between $80 and $150; that he was about to have an auction sale and would place her lots on his list. Plaintiff told defendant she was willing to dispose of the lots at auction, but would not accept less than $80 a lot, and wanted as much more as she could get. Defendant thereupon told plaintiff to send the numbers of the lots to him by mail in an envelope provided by him for that purpose.

Two days thereafter, on September 5, 1908, plaintiff called at defendant's office again, and, before she had any opportunity to discuss further the sale of her lots, defendant informed her that he had sold the lots at private sale for $80 each, handed her $20 in cash, and had her sign a receipt in the nature of a contract. The receipt stated in substance that plaintiff had received from defendant the sum of $20 on account of the purchase price of her two lots, the balance of $140 to be paid within 30 days. Plaintiff, relying on defendant's representations that the two lots were of no greater value, accepted the money and signed the receipt.

At this point there is a conflict in the evidence, defendant testifying that he agreed to buy the lots as agent for his daughter Henrietta, for $80 each, after plaintiff had satisfied herself, by a visit to the lots and information from neighboring owners, that the lots were worth from $150 to $300. Defendant in his cross-examination admitted, however, that he did not inform plaintiff who the purchaser was; nor did his daughter's name appear in any of the written instruments. It is further conceded that plaintiff never met or saw defendant's daughter. I am constrained to accept plaintiff's version of that part of the transaction.

It further appears that on September 8, 1908, three days after plaintiff signed the alleged contract, the defendant, describing himself as an agent, but omitting to state for whom, entered into a written contract with a third party for the sale of the plaintiff's lots for $300 or $150 each, a deed to be delivered on September 28, 1908. On that day plaintiff called at defendant's office and signed a deed, the name of the vendee being omitted, and defendant paid plaintiff the balance due on his original contract with her, plus some charges for taxes and commission. The amount was paid by defendant's personal check. For some reason the defendant's proposed vendee did not take the deed, and the closing of the title was adjourned to October 8, 1908, on which day defendant delivered the deed originally signed in blank by the plaintiff to his proposed vendee and received $300. The learned justice at the trial without a jury evidently adopted the indorsement on the summons above referred to, and, proceeding on the theory that the action was laid in fraud, found that the plaintiff had failed to sustain the burden of proving actual fraud on the part of the defendant.

Although the plaintiff may have mistaken her remedy in suing at law instead of in equity, where the burden of proving fair dealing would have rested on the defendant in view of the fiduciary relation between the parties, this court will not hesitate to reverse a judgment of the Municipal Court in such a case, where it is satisfied that justice has not been done. Municipal Court Act (Laws 1902, c. 580) § 326; Curley v. Tomlinson, 5 Daly, 283.

The relation of the plaintiff and defendant, being that of principal and agent, was a fiduciary one, and required the utmost good faith on the part of the defendant. This relation and the consequences of any breach thereof are forcibly set forth in the case of Warren v. Burt, 58 Fed. 101, in which Justice Sanborn writing the opinion of the court at page 103 says:

"The law regards the fiduciary relations with jealous care. It aims to prohibit the possibility of a conflict between the duty of a trustee and his personal interest. It demands that he look solely to the interest of his cestui que trust; that the agent work with an eye single to the welfare of his principal. It prohibits the agent from all speculation or profit in the subject-matter of his agency, and visits such a breach of duty, not only with the loss of profits gained, but with the loss of compensation which a faithful discharge of his duty would have earned. For an agent of the seller to permit himself to become interested in the purchase from his principal is to inaugurate so dangerous a conflict between duty and self-interest that this has long been wisely and strictly forbidden."

This case has been cited with approval repeatedly by the courts of this state. Bruce v. Davenport, 36 Barb. 349; Fisher v. Bishop, 108 N. Y. 25, 15 N. E. 331, 2 Am. St. Rep. 357; Sheehan v. Erbe, 103 App. Div. 7, 92 N. Y. Supp. 862; Clark v. Bird, 66 App. Div. 284, 72 N. Y. Supp. 769.

The equitable phase of the dispute between the parties is referred to, however, only for the purpose of showing the great injustice which the plaintiff would suffer if the judgment against her were allowed to stand merely because she had failed technically to make out a case of fraud:

Notwithstanding the absence of any equitable jurisdiction in the Municipal Court, the plaintiff, in my opinion, still has her legal remedy in that court in an action for money had and received. No objection having been raised as to the form or sufficiency of the pleadings, the court may arrive at any result that is justified by the proof. Knapp v. Simon, 96 N. Y. 284, 292, 293. The proof plainly shows that the defendant, in order to obtain an unfair advantage of the plaintiff, bought the lots in question for $160, and immediately sold them to a third party for $300, thereby making a profit of $140, which in good conscience belongs to the plaintiff. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606. It may be presumed, therefore, from a careful reading of the record that plaintiff proceeded with the trial on the theory of "money had and received." It is not necessary for the successful prosecution of such an action to prove that money belonging to the plaintiff was actually and physically given to and received by the defendant. It is sufficient if the proof shows that the defendant has in his possession money belonging to the plaintiff which he cannot conscientiously retain. Roberts v. Ely, supra.

I think the judgment is against the weight of evidence, and substantial justice requires that it be reversed and a new trial ordered.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.