ELIZABETH HOWLAND, Appellant, *v.* MABEL G. P. SMITH, Individually and as Executrix of LESTER R. SMITH, Deceased, Respondent.

Third Department, November 13, 1959.

*Matthew J. Shevlin* and *George Gray Zabriskie* for appellant.

*Oliver, Scully & Delaney* (*John J. Scully* of counsel), for respondent.

COON, J. This action was originally brought in equity against Lester R. Smith and Mabel G. P. Smith, his wife, to set aside a conveyance of a residence and its furniture and contents by the plaintiff's aunt, Ella J. Titus, to the defendants, on the ground of fraud and undue influence. After a trial before the court without a jury judgment was entered dismissing the complaint, and from that judgment this appeal is taken.

After the trial defendant Lester R. Smith died, and the action was continued against the defendant Mabel G. P. Smith, individually and as executrix of the estate of Lester R. Smith, deceased.

The action originally sought the return of the property in kind. However, because the Smiths had conveyed the property and title had eventually reached an innocent third person who was not a party to the action, by amendment at the trial a money judgment for the value of the property at the time of the death of Mrs. Titus, the original grantor, was the relief asked.

The subject property was specifically devised and bequeathed to the plaintiff by Mrs. Titus by her will dated May 18, 1940 and duly probated after her death. The plaintiff, as devisee and legatee of the subject property, may maintain the action, and if a constructive trust is established and the return of the property rendered impossible because of its conveyance by the Smiths, the plaintiff is entitled to a money judgment in order to place her as nearly as possible in the position she would occupy if there had been no breach of the trust. (*Valentine* v. *Richardt,* 126 N. Y. 272; *Murtha* v. *Curley,* 90 N. Y. 372.)

Considering first the evidence of fraud on the part of Lester R. Smith in obtaining title to the property in the name of himself

and his wife, it appears without dispute that Smith was an attorney and acted as the attorney for Ella J. Titus following the death of her husband in 1940 until her death on December 6, 1948, and that he advised her and acted on her behalf in frequent business transactions all during this period. On May 9, 1946, while Smith was still acting as her attorney, the conveyance of the subject property was made by Mrs. Titus to Smith and his wife without consideration. These facts alone give rise to a presumption of fraud because of the existence of the fiduciary relation of attorney and client, and cast upon the Smiths the burden of proving affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open and voluntary, and well understood. (*Snook* v. *Sullivan*, 53 App. Div. 602, affd. 167 N. Y. 536; *Nesbit* v. *Lockman*, 34 N. Y. 167; *Matter of Booth*, 215 App. Div. 516; 3 Bogert, Trusts and Trustees, § 481; 3 Pomeroy, Equity Jurisprudence, § 960a.)

The right of the plaintiff to redress does not depend on this naked presumption and the failure of the defendants to meet the burden of showing that the conveyance was free from taint because the circumstances surrounding the transaction itself abound with suspicious elements, secrecy and factors wholly inconsistent with a bona fide transaction. We recite some of them. At the time of the conveyance Mrs. Titus was approximately 82 years old, and was characterized by Lester R. Smith as "infirm and eccentric." The conveyance was prepared by another lawyer, one Chadderdon, who prepared it at the request of his wife who was employed by Smith as his secretary. The conveyance was executed by Mrs. Titus in an automobile in front of a bank and was witnessed by one Van Loan, the cashier of the bank, and the acknowledgment taken by Chadderdon. Van Loan then delivered the conveyance to Smith. It does not appear that Chadderdon had ever acted as attorney for Mrs. Titus on any other occasion, nor that she directed or instructed him to prepare this conveyance, or that he gave her any independent advice as to the wisdom or legal effect of the transaction. Smith never occupied or exercised any dominion over the property during the lifetime of Mrs. Titus; Mrs. Titus paid the taxes upon the property until her death; Smith as agent of insurance companies issued policies of fire and liability insurance upon the property, naming Mrs. Titus as the owner, until her death, and finally, the deed was not recorded until after the death of Mrs. Titus and was recorded on the day following her death shortly after 9:00 A.M.

Moreover, Smith had drawn Mrs. Titus' will which gave the property to the plaintiff, and was an attesting witness. He

drew two codicils to the will, one on June 12, 1941 and one on November 12, 1943, and therefore knew that the property had been disposed of by testamentary provision. Although Smith purported to be very solicitous of Mrs. Titus' welfare and had taken it upon himself to advise her as to many kinds of personal matters, it does not appear that he ever suggested that she change her will to eliminate the devise and bequest of the subject property, or that he obtained from her any statement of any kind as to the reason for the conveyance to him and his wife. Indeed, there appears to be no reason. Smith had a home of his own and at no time occupied the subject premises, and he was paid for all the services which he rendered to Mrs. Titus. It also appears that Mrs. Titus exercised or attempted to exercise dominion over the property after the alleged conveyance by instructing Smith to keep a certain individual out of the house and by instructing him to ascertain the amount of her taxes on the house, which instructions were carried out although Smith then knew that he and his wife held title to the property.

The only evidence even tending to show that the transaction was bona fide and above board is the bare execution of the conveyance itself. The very neatness of this transaction, the execution of the document in an automobile in the presence of another lawyer who had drawn the conveyance, without compensation from anyone, at the request of his wife who was Smith's secretary, and in the presence of another witness and in Smith's absence, followed by the delivery of the deed to Smith, would seem to create rather than to allay suspicion.

This record falls far short of demonstrating that Lester R. Smith has met the burden cast upon him to show by the strong, convincing and satisfactory proof required by the authorities above cited, that the conveyance to him and his wife, while he was in a fiduciary capacity, was entirely honest, legitimate and free from taint.

The plaintiff should be entitled to judgment against Mabel G. P. Smith in her representative capacity as executrix of the estate of Lester R. Smith, deceased, for the value of the subject property at the date of Mrs. Titus' death, when the plaintiff would have obtained title to the property had it not been for the illegal conveyance.

The question of the liability of Mabel G. P. Smith individually presents a more difficult problem. If the action and the relief sought had remained as originally commenced, a court of equity could have directed Mabel G. P. Smith to reconvey the property upon the establishment of a constructive trust. However, with the new twist that the action has taken we find no sound legal

basis for a money judgment against Mabel G. P. Smith individually. She was not in a fiduciary relationship with the original grantor, Mrs. Titus. There is no proof of any fraud or undue influence on her part. It does not appear that she received any benefit whatever or was unjustly enriched by virtue of the transaction, and we see no basis for personal liability. The motion to dismiss the complaint as to Mabel G. P. Smith, made at the close of plaintiff's case, should have been granted.

We regard the proof in the record as inadequate to determine the market value of the subject real and personal property at the time of Mrs. Titus' death.

The judgment should be reversed insofar as it dismisses the complaint against Mabel G. P. Smith, as executrix of the estate of Lester R. Smith, deceased, and the matter remitted to the trial court for the purpose of fixing the money value of the subject property as of the date of the death of Mrs. Titus, and for proceedings not inconsistent with this opinion, with costs to appellant against Mabel G. P. Smith, as executrix.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed insofar as it dismisses the complaint against Mabel G. P. Smith, as executrix of the estate of Lester R. Smith, deceased, and the matter remitted to the trial court for the purpose of fixing the money value of the subject property as of the date of the death of Mrs. Titus, and for proceedings not inconsistent with this opinion, with costs to appellant against Mabel G. P. Smith, as executrix.