■ SAUL I. RADIN, Appellant, v LILLIAN OPPERMAN, as Administratrix of the Estate of PHILIP PHILLIPS, Deceased, Respondent. (Appeal No. 1.)—Order unanimously affirmed, with costs. Denman, J., not participating. Memorandum: Petitioner in the first proceeding, Saul I. Radin, is an attorney at law who had known the deceased for many years and had acted as his attorney for 12 years prior to decedent's death in 1972 at the age of 84 years. In 1968 petitioner assisted decedent in obtaining admission to the Veterans' Administration Facility at Bath, New York. At about that time, at decedent's request, he required decedent's sister-in-law to return about $17,000 of decedent's money which he testified that she had withdrawn from a joint account in the name of decedent and her. Other bankbooks of decedent were then placed in petitioner's hands, an account was opened in the joint names of decedent and petitioner and soon decedent transferred over $20,000 of his funds to petitioner and filed a Federal gift tax return reporting such gifts. Accounts were also opened in the name of decedent in trust for petitioner. There came a time when decedent notified the bank not to honor any withdrawals from his accounts unless he personally presented the bankbook. During this three and one-half years stay at the Bath Veterans' Administration Facility petitioner visited him about once a month and it appears that decedent had no other visitors. After decedent's death petitioner instituted the first proceeding, to require the administratrix to deliver to him the moneys in the so-called Totten Trust accounts. The administratrix countered with a petition, in a second proceeding, to require the attorney to return to the estate nearly $29,000 which she alleged that he had improperly withdrawn from decedent's accounts for his own use. The Surrogate correctly held that petitioner was in a fiduciary capacity toward decedent; and this is so despite petitioner's claim that his relationship as attorney to decedent had ceased and was only that of a friend (Pomona Enterprises v Mellen, 30 AD2d 704, 705). For over 100 years our courts have made it clear that a transaction between a lawyer and his client will be regarded with suspicion and that it will be presumptively void, subject to proof by the lawyer, usually through disinterested persons, that the transaction was fair and fully intended by the client (Nesbit v Lockman, 34 NY 167, 169-170; Howland v Smith, 9 AD2d 197, 199-200, affd 10 NY2d 754; Reoux v Reoux, 3 AD2d 560, 562-564, reargued 4 AD2d 805, affd 4 NY2d 1022; Snook v Sullivan, 53 App Div 602, 606-607, affd 167 NY 536; Matter of Bartel, 33 AD2d 987; and see Matter of Eckert, 93 Misc 2d 677, 679-681). We note also, for the benefit of the Bar generally, that effective January 1, 1970 the following Code of Professional Responsibility has been in effect: "EC 5-5. A lawyer should not suggest to his client that a gift be made to himself, or for his benefit. If a lawyer accepts a gift from his client, he is peculiarly susceptible to the charge that he unduly influenced or overreached the client. If a client voluntarily offers to make a gift to his lawyer, the lawyer may accept the gift, but before doing so, he should urge that his client secure disinterested advice from an independent, competent person who is cognizant of all of the circumstances. Other than in exceptional circumstances, a lawyer should insist that an instrument in which his client desires to name him beneficially be prepared by another lawyer selected by the client." Attorney Radin failed in each proceeding to come forward with clear and satisfactory evidence that these transactions in his favor were fully understood by the decedent and were his voluntary acts. Radin produced no independent witness to any of these transactions. Most damaging to his position as a lawyer is that he has not indicated that he counseled decedent to reconsider making such generous gifts to him as his attorney or

that he had decedent seek disinterested advice as to such matters. No lawyer should accept such beneficence without meticulously adhering to the principles above set forth. (Appeal from order of Steuben County Surrogate's Court—recover property.) Present—Marsh, P. J., Moule, Hancock, Jr., Denman and Witmer, JJ.