HELEN C. GREENE, Appellant, v THEODORE J. GREENE, Individually and as a Partner of the Law Firm of Finley, Kumble, Wagner, Heine & Underberg, et al., Respondents and Third-Party Plaintiffs. NORMAN R. GRUTMAN et al., Third-Party Defendants.

First Department, April 7, 1981

APPEARANCES OF COUNSEL

*Jeffrey H. Squire* of counsel (*Ralph L. Ellis* with him on the brief; *Shea & Gould*, attorneys), for appellant.

*Alan M. Gelb* of counsel (*Philip S. Kaufman* with him on the brief; *Finley, Kumble, Wagner, Heine, Underberg & Casey*, attorneys), *pro se*.

*Charles M. McCaghey* of counsel (*Olwine, Connelly,*

*Chase, O'Donnell & Weyher*, attorneys), for Theodore J. Greene, respondent and third-party plaintiff.

BLOOM, J.

From 1967 through 1977 plaintiff was a client of the law firm of Finley, Kumble, Wagner, Heine & Underberg (Finley Kumble) and its predecessors. Theodore J. Greene (Greene) who is not related to plaintiff by blood or affinity, is, and during all pertinent periods, was a member of that firm. During a portion of this period Norman Roy Grutman and Jewel Bjork, both of whom are sued as third-party defendants but who are not parties to this appeal, were members of Finley Kumble.

In 1969, plaintiff executed a trust indenture naming herself as income beneficiary with a direction that upon her death the trust estate was to be divided into as many separate parts as she left children her surviving. Each part was to be held in trust for one of her surviving children. The indenture also contained dispositive provisions not here germane. The trustees named in the trust agreement were plaintiff and Greene.

Particularly pertinent to the issue at hand is the wide discretionary power conferred upon Greene. Since the purpose of the trust was to provide for a maximum cash return, after taxes, the possibility for incurring financial losses inherent in an operation of this kind was recognized. It was expressly provided that, in determining the responsibility of the trustees for their actions, those "actions must be considered in relation to the inherent risks involved in the operation of a Business of the character represented". By consequence, the liability of the trustees was limited solely to their willful misconduct.

The term of the trust was limited to a period of two years. However, it was to renew itself automatically for further two-year periods, unless the settlor gave notice of termination not less than 30 days prior to any expiration date, nor more than 60 days prior thereto. Notice of termination was given by plaintiff in December, 1977.

At or about the time of termination of the trust, plaintiff

commenced this action. The complaint contains two causes of action. The first cause, which is the only one here at issue, is for recission of the trust agreement; the second is for an accounting.

The first cause of action, after setting forth the requisite jurisdictional facts, alleges that in 1969, while plaintiff was a client of Finley Kumble, she was *induced* by the defendants to enter into the agreement as a result of which she initially delivered to Greene and to herself, as trustees, securities and other assets of the approximate value of $2,000,000. Subsequently she delivered to them, as trustees, additional assets of the approximate value of $700,000. The trust agreement was executed by her and the assets delivered to Greene and to herself solely upon the advice of defendants and without any independent advice; and that defendants then knew that she was but 25 years old and inexperienced in the world of business. Finally, she alleges that she relied on defendants in executing the trust indenture and in delivering the assets to Greene.

It is of more than passing interest to note that the firm of which Grutman and Bjork became members after leaving Finley Kumble drew the complaint in this action and initially appeared for plaintiff. Defendants moved, among other things, to disqualify that firm. Special Term denied the motion. We affirmed by a divided court *(Greene v Greene*, 64 AD2d 558). The Court of Appeals modified by reversing that portion of the order which refused to disqualify the firm of which Grutman and Bjork are members and disqualifying that firm *(Greene v Greene*, 47 NY2d 447).

The defendants thereupon moved to dismiss the first cause of action upon various grounds included among which was the claim that that cause was barred by the Statute of Limitations (CPLR 213, subd 1). Special Term held that the action accrued in 1969, at the time of the entry into the trust indenture. Since the action was not brought until some seven and one-half years later, it concluded that the action was time barred. We disagree.

The complaint is premised on the ancient truism that an attorney occupies a fiduciary relationship with respect to

his client and when he claims the benefit of a transaction between him and the client he has the burden of coming forward to demonstrate that it was fair and just and that the client understood its terms *(Place v Hayward*, 117 NY 487; *Whitehead v Kennedy*, 69 NY 462; *Radin v Opperman*, 64 AD2d 820; *Sheehan v Erbe*, 103 App Div 7; *Bingham v Sheldon*, 101 App Div 48; 3 NY Jur, Attorney and Client, §§ 68-70). "The crucial question is whether the defendant attorney established that the contract 'was made by the client with full knowledge of all material circumstances known to the attorney, and was in every respect free from fraud * * * and that a reasonable use was made by the attorney of the confidence reposed in him' ". *(Howard v Murray*, 38 NY2d 695, 699, quoting from *Whitehead v Kennedy*, 69 NY 462, 466, *supra*.)

So long as the relationship of trust and confidence exists, the client cannot be expected to bring suit. Indeed, it would be absurd to resort to litigation since there is then no reason to believe that a breach of the fiduciary relationship has occurred. Only when the client is made aware that she has been imposed upon and some violation of the faith inherent in the attorney-client relationship has been brought home to her is there cause for judicial intervention. It is then that the right of action accrues.

In many respects the situation parallels that which gave rise to the doctrine of "continuous treatment" in medical and legal malpractice cases *(Borgia v City of New York*, 12 NY2d 151; *Gilbert Props. v Millstein*, 33 NY2d 857; *Fonda v Paulsen*, 46 AD2d 540; *Siegel v Kranis*, 29 AD2d 477). In such cases the right of action accrues when the continuous treatment ceases. An analogous doctrine is here applicable. The Statute of Limitations begins to run when the relationship terminates.

In this case the trust relationship terminated in December, 1977, after plaintiff gave notice of termination. The action was brought the same month. Accordingly, it is not time barred.

■ The other bases upon which dismissal is sought—ratification, estoppel and waiver and failure to state a cause of action, do not warrant dismissal. There can be no

ratification, waiver or estoppel unless it be shown that plaintiff approved the acts of defendants with knowledge that she allegedly had a cause of action against them. While the documents included in the moving papers indicate plaintiff's approval of some transactions, directions as to others and consent to extend the terms of the trust, there is no showing that she was aware of the now claimed breach of trust. Without such knowledge, there is no basis for dismissal on the ground that plaintiff ratified the now questioned acts, waived her rights with respect to them or is estopped to assert them.

Finally, as to the claim that the first cause fails to state a cause of action, concededly, the allegations are general. However, they are sufficient to spell out a cause of action. Defendants' remedy is to flesh out the claimed basis for the action through discovery.

Accordingly, the order of the Supreme Court, New York County (CAHN, J.) entered November 6, 1980, granting defendants' motion to dismiss plaintiff's first cause of action should be reversed, on the law, without costs, and the first cause of action reinstated.

BIRNS, J. P., ROSS and CARRO, JJ., concur with BLOOM, J.

Order, Supreme Court, New York County, entered on November 6, 1980, reversed, on the law, without costs and without disbursements, and the first cause of action reinstated.