■ In the Matter of HELEN C. GREENE, Appellant, v FINLEY, KUMBLE, WAGNER, HEINE & UNDERBERG, Respondent. HELEN C. GREENE, Appellant, v THEODORE J. GREENE, Individually and as Partner of the Law Firm of FINLEY, KUMBLE, WAGNER, HEINE & UNDERBERG, et al., Respondents. — Judgment, Supreme Court, New York County (Cahn, J.), entered November 14, 1980, which, *inter alia,* denied the application of petitioner-appellant Helen Chrysler Greene to require respondent law firm of Finley, Kumble, Wagner, Heine and Underberg (Finley Kumble) to turn over certain documents and papers relating to their legal representation of her and dismissed the proceeding, unanimously reversed, on the law and the facts, with costs, petition reinstated and respondent directed to turn over the remaining material sought. Order, Supreme Court, New York County (R. Lane, J.), entered November 9, 1981, which, *inter alia,* granted the motion of defendant-respondent Finley Kumble to strike Interrogatory Nos. 20 and 21 of plaintiff-appellant's second set of interrogatories and denied her cross motion to compel answers to those interrogatories, unanimously modified, on the law and the facts, with costs, cross motion granted and respondents directed to answer Interrogatory Nos. 20 and 21. I. Helen Greene retained Finley Kumble for the primary purpose of voiding a prior express *inter vivos* trust. They were successful and thereafter a new trust was created in which she and Theodore Greene (no relation), a member of the Finley Kumble firm, were named cotrustees. The purpose of this trust was the investment of Mrs. Greene's funds. In December, 1977, Mrs. Greene gave Finley Kumble notice of termination of the new trust and, through new counsel, she instituted the instant action seeking recission of that trust, restoration of the assets delivered to respondents and an accounting for their alleged improper acts and omissions. She alleges that respondents improperly took advantage of her youth, lack of business experience and her mental condition in inducing her to enter into the trust agreement, to her detriment. (See *Greene v Greene,* 80 AD2d 55.) Appellant's present attorneys requested an opportunity to examine and make copies of various specified documents. Finley Kumble made available substantially everything requested except for the records concerning the litigation concerning the first trust. The instant special proceeding was then instituted to direct respondents to turn over the remaining requested documents, alleging that appellant needed the material in her pending action against them and that the firm had been paid in full for any legal services rendered, so that it could not assert a lien upon any of the documents and papers. The Finley Kumble firm objected to the return of the documents upon the grounds that Helen Greene was improperly attempting to use a special proceeding for discovery of documents to be used in another action, i.e., the underlying action, and also that there had not been a final judicial accounting between the parties, pursuant to which there might still be unpaid legal fees as to both trusts, thus establishing a retaining lien. Special Term agreed with respondent and dismissed the proceeding, finding the application improper, as petitioner should have moved to compel disclosure in the other action. A special proceeding may be used only when expressly authorized. "All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized" (CPLR 103, subd [b]). Had an error been made in this instance however, the court's remedy would not have been to dismiss the proceeding, jurisdiction

having been acquired, but to have converted it to the appropriate form, whether a motion in another action or a new action. CPLR 103 (subd [c]) prohibits dismissal of the proceeding solely on the ground that it was not brought in the proper form. Rather, the court "shall make whatever order is required for its proper prosecution". (See, also, 1 Weinstein-Korn-Miller, NY Civ Prac, par 103.08; *Matter of Phalen v Theatrical Protective Union No. 1, Int. Alliance of Theatrical & Stage Employees, A.F.L.-C.I.O, 22* NY2d 34, 41.) In this instance, however, statutory authorization existed for the bringing of a special proceeding. CPLR 7701 provides: "A special proceeding may be brought to determine a matter relating to an express trust". This should be broadly construed to cover any matter of interest to trustees, beneficiaries or adverse claimants concerning the trust. (8 Weinstein-Korn-Miller, NY Civ Prac, par 7701.05.) Further, the firm's contention and Special Term's statement that the subject of fee payment is "far from settled" is without merit. Finley Kumble has not offered a single document showing that appellant has ever rejected a request for payment of any fee. There are no supporting invoices relating to unpaid legal bills. Finley Kumble has never contended that it has not been paid every amount billed. Nor, prior to the institution of the special proceeding did the firm ever contend it had a retaining lien on any documents. Litigation papers belong to the client, unless the attorney can establish a retaining lien or some other privilege. Here Finley Kumble failed to present sufficient evidence to support the presence of such a lien, and the requested papers may be important to the new attorneys in the preparation of their case. (See *Williams v Hertz, Corp.* 75 AD2d 766.) II. In the underlying action, Special Term granted defendant's motion to strike Interrogatory No. 20 and Interrogatory No. 21, which sought information concerning written communications to or from physicians or hospitals concerning Mrs. Greene or her medical records, on the ground that they were irrelevant. In this instance, Special Term abused its discretion. An attorney occupies a fiduciary relationshp with his client. When he claims the benefit of a transaction between them, he has the burden of demonstrating that it was fair and just and that the client understood its terms. Appellant had a history of mental disorders and had been released from a psychiatric hospital two years before the trust was created. Medical records might well therefore bear upon the issue of her ability to understand and her susceptibility to influence. Further, while the pleadings themselves may not have placed appellant's mental or physical condition in issue, respondents' questioning of appellant in her deposition concerning her mental capacity and state of mind made that an issue in the context of this case. These interrogatories should not have been stricken. Settle order. Concur — Murphy, P. J., Kupferman, Sullivan and Carro, JJ.