■ In the Matter of the Estate of SEYMOUR SCHNEIDERMAN, Deceased. SONYA SCHNEIDERMAN, Appellant, v GERALD BARANDES, ESQ., Respondent, and MERRILL LYNCH & CO., INC., Respondent. [963 NYS2d 250]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered November 9, 2012, which granted defendant Gerald Barandes's motion for summary judgment dismissing the petition for a declaratory judgment to invalidate the creation of a $1 million trust on grounds of undue influence and constructive fraud, and declared defendant the owner of the trust, unanimously reversed, on the law, without costs, the motion denied, and the petition reinstated.

Defendant served as decedent's attorney on personal and corporate matters for more than 40 years and thus held a fiduciary relationship with decedent. Defendant therefore had the burden of proving by clear evidence that there was no fraud or undue influence in connection with decedent's gift of $1 million, made weeks before his death at the age of 82, and deposited in a trust account held jointly by decedent and defendant, clearly for defendant's benefit (see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, 45 NY2d 692, 698-699 [1978]; see Sepulveda v Aviles, 308 AD2d 1, 7 [1st Dept 2003]).

Surrogate's Court erred in dismissing the claim of undue influence as there were conflicting inferences of both undue influence and the lack thereof. For example, the evidence showed that, from September 2009 to January 2010, as decedent's health continued to deteriorate, defendant repeatedly wrote and called decedent to request the creation of a $1 million trust account and suggested that he would suffer a financial crisis if he did not receive it, and decedent complained to plaintiff (his wife) that defendant would not stop asking him for money. While such evidence allowed for an inference of undue influence, the evidence presented by defendant suggested that decedent on occasion expressed a desire to compensate defendant for legal services defendant had performed and might perform for decedent's company after his death, by the creation of this account. Under the circumstances presented, defendant failed to overcome the presumption of undue influence and failed to eliminate any triable issue of fact warranting dismissal of the count (see Radin v Opperman, 64 AD2d 820 [4th Dept 1978]; compare Matter of Walther, 6 NY2d 49 [1959]).

Surrogate's Court further erred in concluding that decedent

had the benefit of consulting with independent counsel regarding the $1 million gift. Decedent's estate planning counsel were introduced to him by defendant to advise decedent regarding his will. Counsel, who were not truly independent, further averred that they did not advise decedent regarding the $1 million gift and instead told him to contact his financial advisor should he wish to proceed. When decedent terminated the representation and obtained other independent counsel, it was solely for purposes of revising his will, and there was no evidence to suggest that he consulted with them regarding the $1 million gift. Thus, there was no meaningful consultation with independent counsel that would support a finding that decedent was not unduly influenced by defendant (*see Matter of Henderson,* 80 NY2d 388, 394 [1992]).

The count of constructive fraud was also improperly dismissed. Defendant, who had a substantial net worth at the time of decedent's death, nevertheless repeatedly represented that his savings were deteriorating and that he would suffer a financial crisis if decedent did not give him the $1 million. While decedent was aware of the salary paid to defendant over the years as counsel to decedent's company, this alone did not amount to clear evidence to eliminate any triable issue of fact as to whether defendant had misrepresented his financial condition, and whether decedent relied upon it (*see Brown v Lockwood,* 76 AD2d 721 [2d Dept 1980]). Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Renwick and Manzanet-Daniels, JJ.