Matter of Wells Fargo Bank v Nover Ventures, LLC (2019 NY Slip Op 05205)





Matter of Wells Fargo Bank v Nover Ventures, LLC


2019 NY Slip Op 05205


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


657387/17 -9757N 9756 9755

[*1] In re Wells Fargo Bank, et al., Petitioners,
v
Nover Ventures, LLC, Respondent-Appellant, D.E. Shaw Refraction Portfolios, L.L.C., et al. Respondents-Respondents, DW Partners LP, Respondent.


McKool Smith, P.C., New York (Gayle R. Klein of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Kevin S. Reed of counsel), for respondents.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 8, 2018, which, inter alia, granted respondents-respondents' motion to dismiss Nover Ventures, LLC (Nover) as a respondent with respect to any Settlement Trust in which Nover does not hold a certificate, unanimously affirmed, without costs. Order, same court and Justice, entered May 22, 2018, which, inter alia, denied Nover's application for additional disclosure, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 8, 2018, which granted reargument, and upon reargument, adhered to its May 22, 2018 determination to deny Nover additional discovery, unanimously affirmed, without costs.
Even upon the broad construction required of article 77 of the CPLR, "cover[ing] any matter of interest to trustees, beneficiaries or adverse claimants concerning the trust" (Matter of Greene v Finley, Kumble, Wagner, Heine & Underberg, 88 AD2d 547, 548 [1st Dept 1982]), the court correctly limited Nover's interest as a respondent to the trusts in which Nover was the named certificateholder. To the extent Nover was an investor in collateralized debt obligation (CDO), it had no standing to participate in the proceeding. Moreover, there was no other basis for concluding that Nover was an "interested person" which should be permitted to make a claim with regard to those Settlement Trusts in which it was not a certificateholder (CPLR 7701, 7703; see SCPA 103[8], 103[39], 315).
The CDOs transfer all "right, title, and interest" in the assets held by the CDO to the trustee, not to CDO investors like Nover. Accordingly, the court correctly concluded that the trustees of those CDOs, which held certificates in the Settlement Trusts, could participate in the article 77 proceeding, but not individual CDO investors.
It was a provident exercise of the court's discretion to deny Nover leave to intervene (CPLR 401) on the basis that its interest in CDOs that held an interest in some of the residential mortgage-backed securities governed by the Settlement Trusts was too attenuated, particularly where it gave Nover an opportunity to substitute the trustees of the CDOs at issue.
We perceive no abuse of discretion in denying Nover's untimely application seeking additional disclosures (see 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK