■ MONICA RODRIGUEZ, an Infant, by Her Mother and Natural Guardian, GLADYS RODRIGUEZ, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants.—In a proceeding pursuant to section 50-e of the General Municipal Law for leave to file a late notice of claim, defendants the City of New York and Health and Hospitals Corporation appeal from an order of the Supreme Court, Queens County, dated February 20, 1976, which granted

the application. Order reversed, on the law, without costs or disbursements, and application denied. The facts have been affirmed. Plaintiff, a six-year-old infant, by her mother and natural guardian, Gladys Rodriguez, moved, pursuant to section 50-e of the General Municipal Law, for leave to file a late notice of claim against the defendants *nunc pro tunc.* A supporting affidavit by Gladys Rodriguez states that the infant claimant had been born prematurely on December 22, 1969 at the Boulevard Hospital in Queens and, on the same day, had been transferred to Elmhurst General Hospital, a city hospital which had facilities to care for premature infants. The infant claimant was kept in Elmhurst General Hospital until April 20, 1970, when she was released to her parents. On April 19, 1970 they had been informed by a doctor that the claimant's eyesight had been impaired and that she was permanently blind because the claimant had received too much oxygen while in the incubator. Claimant's mother also averred that neither she nor her husband, both born in the Dominican Republic and in this Country since 1952 and 1963, respectively, had filed any notice of claim on behalf of their daughter because they did not know of the requirement of New York law for giving such notice in suits against municipalities and did not learn of it until approximately one month before the date of the mother's affidavit; nor did they know that their daughter had a cause of action against the appellants for the treatment which resulted in her blindness. The appellants' opposition to the motion was based on lack of timely compliance with the requirements of subdivision 5 of section 50-e of the General Municipal Law, which allows no more than one year and 90 days from the date of the occurrence which gave rise to the claim within which to bring a motion for leave to serve a late notice of claim. Special Term granted claimant's motion in the interest of justice and on the authority of *Matter of Murray v City of New York* (30 NY2d 113). We reverse upon the constraint of *Camarella v East Irondequoit Cent. School Bd.* (34 NY2d 139) and *Winbush v City of Mount Vernon* (306 NY 327). In *Winbush,* Judge Desmond said (p 333): "We have been very strict in some of the decisions such as *Matter of Martin v. School Bd. (Long Beach)* (301 N Y 233), but the errors in those cases were as to the time of service, and we were forced by the very language of the statute to hold that the time provisions contained in section 50-e *(supra)* are mandatory and beyond the reach of the courts." Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.