OPINION OF THE COURT
 

 Gabrielli, J.
 

 Where notice of claim has not been served within the 90-day period specified in section 50-e (subd 1) of the General Municipal Law, an individual possessing a potential tort claim against a public corporation may apply to the court pursuant to section 50-e (subd 5) for an extension of the time within which to serve such notice upon the defendant. As amended in 1976 (L 1976, ch 745, § 2), the statute provides that "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation”.
 
 [1]
 
 Section 50-i (subd 1, par [c]) of the General Municipal
 
 *259
 
 Law, which limits the time for bringing an action against a public corporation to "one year and ninety days after the happening of the event upon which the claim is based”, has generally been regarded as a Statute of Limitations subject to the tolls for infancy and insanity provided in CPLR 208
 
 (Sadler v Horvath,
 
 44 AD2d 905;
 
 Matter of Hurd v County of Allegany,
 
 39 AD2d 499, 502;
 
 Corbett v Fayetteville-Manlius Cent School Dist.,
 
 34 AD2d 379;
 
 Abbatemarco v Town of Brookhaven,
 
 26 AD2d 664;
 
 La Fave v Town of Franklin,
 
 20 AD2d 738; see
 
 Matter of Beary v City of Rye,
 
 44 NY2d 398, 408; see, also,
 
 Zeitler v City of Rochester,
 
 32 AD2d 728; cf.
 
 Russo v City of New York,
 
 258 NY 344). Today we hold that the period specified in the amended version of section 50-e (subd 5) during which a court may authorize service of a late notice of claim is completely coextensive with the time limited for commencing an action against a public corporation and is therefore similarly subject to the tolling provisions of CPLR 208.
 

 The infant petitioner in this case, Daniel Cohen, sustained an injury to his foot while he was participating in a junior varsity soccer game played on the grounds of the Pearl River High School. The accident, which occurred on September 30, 1975, was allegedly caused by a "hidden object” protruding from the ground. The infant took no steps to recover damages for his injury until December 5, 1977, when his father, acting for himself and in his son’s behalf, made application for judicial leave to serve a late notice of claim upon both the Pearl River Union Free School District and the Orangetown Central School District, the home school district of his infant son. The Orangetown School District did not oppose the application, but the Pearl River School District did object, arguing that it had been prejudiced by petitioner’s procrastination in providing it with notice and that, in any event, the time during which permission to serve late notice of claim could be granted had long since expired.
 

 Although Special Term initially denied the application, it ultimately granted the requested relief upon reconsideration of its earlier decision in light of our holding in
 
 Matter of Beary v City of Rye
 
 (44 NY2d 398,
 
 supra).*
 

 [2]
 

 After concluding
 
 *260
 
 that our decision in
 
 Beary
 
 authorized retroactive application of the amended version of section 50-e (subd 5) to petitioner’s case, Special Term went on to hold that the application for leave to serve late notice was not untimely, since the time for applying for such leave had been tolled during the injured party’s infancy in accordance with CPLR 208. The Appellate Division, however, reversed the order of Special Term, expressing its view that nothing in the legislative history or the language of section 50-e (subd 5) as amended warranted the importation of the CPLR 208 toll for infancy into the limitations period specified in that statute. We disagree.
 

 As a threshold matter, it is necessary for us to consider whether the expanded limitations period contained in the amendments to section 50-e (subd 5) may be applied retroactively to petitioner’s claim, which arose some
 
 ÍIV2
 
 months before the amendment’s effective date of September 1, 1976. Under the former version of section 50-e (subd 5) (L 1945, ch 694, § 1, as amd by L 1959, ch 814, § 1), the application for permission to serve late notice of claim was required to be made within "one year after the happening of the event upon which the claim is based”, and it was well established that the tolls and extensions contained in CPLR article 2 were inapplicable to this limitations period (see
 
 Matter of Martin v School Bd. of Union Free Dist. No. 28,
 
 301 NY 233;
 
 Russo v City of New York,
 
 258 NY 344, 348-349,
 
 supra; Winter v City of Niagara Falls,
 
 190 NY 198). Thus, unless the expanded limitations period contained in the amended version of section 50-e (subd 5) is deemed to be applicable to petitioner’s claim, the claim would have to be treated as untimely, since petitioner failed to make application for leave to serve late notice within the one-year period specified in the predecessor statute.
 

 In
 
 Matter of Beary v City of Rye
 
 (44 NY2d 398,
 
 supra),
 
 we were called upon to consider whether the liberalized criteria for granting leave to serve late notice should be applied retroactively, and, in that connection, we held that the provisions of the 1976 amendment were available to individuals whose right to make application for such leave was still viable under the former one-year limitations period on the date the
 
 *261
 
 amendment became effective. We refused in
 
 Beary,
 
 however, to accord full retroactive effect to the expanded limitations period contained in the amendment to section 50-e (subd 5), because we were concerned that "[t]he result of treating the amendment as to time as though it were retrospective would * * * be to open the door to an unknown number of claims the defense to which is unprepared and unpreparable” (44 NY2d, at pp 413-414).
 

 Nevertheless, our refusal in
 
 Beary
 
 to accord full retroactive effect to the time provisions in the amendment cannot be considered dispositive of the retroactivity problem in the instant case. In
 
 Beary,
 
 we were faced with, among other things, the potential claims of two infants whose injuries had been sustained in 1969 and 1973 respectively
 
 (Rodriguez v City of New York,
 
 54 AD2d 692, affd 44 NY2d 398;
 
 Matter of Pauletti v Freeport Union Free School Dist. No. 9,
 
 59 AD2d 556, affd 44 NY2d 398). It was in connection with these situations that we expressed our concern that full retroactive application of the portion of the 1976 amendment "which replaces the one-year period with one measured only by the Statute of Limitations that otherwise would be applicable would make it possible for infants to newly file claims which had their genesis in events occurring up to 18 years earlier (see CPLR 208)” (44 NY2d, at p 413). It is thus evident that our holding in
 
 Beary
 
 was addressed only to the question whether the time provisions in the amendment should be given
 
 unlimited
 
 retroactive effect in light of the very real possibility that unlimited retroactivity would lead to an extended retrospective tolling of the time during which application for leave to serve late notice must be made. We did not there consider, however, a situation such as the present one, where the claim was less than one year old at the time the amendment took effect and was therefore still viable under the one-year limitations period specified in the repealed version of section 50-e (subd 5), although no application for leave to serve late notice was actually made within the one-year period. In such a case, there is no need to invoke the expanded time period specified in the amended version of section 50-e (subd 5) in order to revive a claim that "had passed beyond the power of judicial recall” by the time the amendment became effective (44 NY2d, at p 413). Instead, the only question is whether the claimant, whose potential claim was still alive on the amendment’s effective date, should be per
 
 *262
 
 mitted to benefit from the liberalized time provisions in the amendment so that the outer limit of his time for applying for leave to serve late notice is measured by the limitations period set forth in the new version of section 50-e (subd 5) rather than by the more restrictive period described in the predecessor statute.
 

 We conclude that an individual in petitioner’s position, whose right to apply for leave to serve late notice of claim had not yet expired on the date the amendment became effective, should be afforded the benefits of the new time provisions in section 50-e (subd 5) when he makes application to the court for such leave. No serious prejudice to the potentially liable public corporation would result from such a limited retrospective application of the amendment, since the public corporation was already at risk with respect to these claims on the amendment’s effective date pursuant to the former version of section 50-e (subd 5). There is thus no danger of "the revival of ancient claims as distinguished from the mere continuance of ones that have not finally expired” (44 NY2d, at p 414), and the rationale by which we excluded stale claims from the amendment’s remedial reach in
 
 Beary
 
 would have no application. In short, we can perceive no inconsistency with the legislative purpose underlying the notice of claim provisions in affording the amendment’s expanded time provisions
 
 limited .retrospective
 
 effect. Accordingly, we hold that, for claims arising after September 1, 1975, the outer limit of the period during which the claimant may apply for leave to serve late notice of his claim is to be measured by "the time limited for the commencement of an action by the claimant against the public corporation”, as specified in the current version of section 50-e (subd 5), and not by the one-year period following "the happening of the event upon which the claim is based”, as was required by the predecessor provision.
 

 Having thus resolved the problem of which version of section 50-e (subd 5) is to be applied to petitioner’s claim, we turn now to resolve expressly the question which was impliedly answered in
 
 Matter of Beary v City of Rye (supra):
 
 whether the period during which a court may grant an extension of the time within which to serve notice of claim is tolled during the infancy of the claimant in accordance with CPLR 208. We find the statutory language quite clear on this point and have no hesitancy in answering the question in the affirmative. By its terms, the amendment version of section
 
 *263
 
 50-e (subd 5) makes the period during which such an extension may be granted coextensive with the Statute of Limitations governing the claim (General Municipal Law, § 50-i, subd 1, par [c]). Thus, where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served (see
 
 Matter of Beary v City of Rye,
 
 44 NY2d 398, 408,
 
 supra).
 
 Indeed, were this not the case, we would have had no need to consider in
 
 Beary
 
 whether the time provisions in the amended version of section 50-e (subd 5) were retroactively applicable, since the claims in question in
 
 Beary (Rodriguez v City of New York,
 
 54 AD2d 692, affd 44 NY2d 398,
 
 supra; Matter of Pauletti v Freeport Union Free School Dist. No. 9,
 
 59 AD2d 556, affd 44 NY2d 398,
 
 supra)
 
 were more than one year and 90 days old at the time application for leave to serve late notice was made and thus were beyond salvation even under the amendment, unless, of course, the CPLR 208 toll for disability was available.
 

 We are not persuaded by the respondent school district’s argument that the legislative purpose underlying notice of claim statutes would be frustrated by the importation of the toll for infancy into the period during which an extension to serve notice of claim may be granted. At the time the amendment to section 50-e (subd 5) was enacted, the Legislature was clearly aware of the numerous decisions holding the toll for infancy applicable to the Statute of Limitations governing claims against public corporations (General Municipal Law, § 50-i, subd 1, par [c]; see Judicial Conference Report on the CPLR, reprinted in McKinney’s Session Laws, 1976, pp 2090-2091). Inasmuch as the Legislature chose to define the period during which an extension of the time for serving notice of claim upon a public corporation may be granted by making direct reference to the Statute of Limitations for such claims, we must assume that the Legislature did in fact intend to incorporate the decisional law construing this Statute of Limitations into the provisions governing extensions of the time for serving notice.
 

 That the Legislature made a conscious choice to render the extension provisions of section 50-e (subd 5) subject to the CPLR 208 toll for infancy is evidenced by the language it used in amending the statute. The amended version of section 50-e (subd 5) provides that "[t]he extension shall not exceed the time limited for the commencement' of an action
 
 by the
 
 
 *264
 

 claimant
 
 against the public corporation” (emphasis supplied). The insertion of the italicized phrase would have been entirely unnecessary had the Legislature not deliberately intended to stress that the disability of the individual claimant should be taken into account in measuring the maximum period of the extension that may be granted under section 50-e (subd 5).
 

 We note that, contrary to respondent school district’s contentions, the fact that the requirements of section 50-e are in the nature of conditions precedent to the right to bring suit does not in itself preclude the application of the various tolls and extensions provided in CPLR article 2 to the time periods specified in subdivision 5 of that statute. To be sure, when an act such as service of notice of claim must be performed within a specific time as a means of complying with a statutory condition precedent, the time period in question operates as a limitation upon the right to recover rather than as a limitation only upon the remedy, and the tolls and extensions delineated in the CPLR generally may not be invoked to alter the statutorily designated deadline for the performance of the act (see
 
 Russo v City of New York,
 
 258 NY 344, 348-349,
 
 supra; Sharrow v Inland Lines,
 
 214 NY 101, 107-108;
 
 Winter v City of Niagara Falls,
 
 190 NY 198,
 
 supra; Hill v Board of Supervisors,
 
 119 NY 344; Siegel, New York Practice, § 51, at p 52). Nevertheless, where the Legislature has itself chosen to measure the time for complying with the condition precedent by making direct reference to an external Statute of Limitations, as it has done in this instance, there is no basis in law for withholding application of the tolls and extensions which ordinarily affect that Statute of Limitations. This is particularly so in a case such as this, where the Legislature has manifested a clear intention that the toll for disability be taken into account in calculating the maximum time available for an extension under section 50-e (subd 5).
 

 There remains one additional point requiring further discussion. In holding that the CPLR 208 toll is not available to enlarge the period during which an infant may be granted an extension of the time within which to serve notice, the Appellate Division observed that a contrary conclusion would lead to an "incongruous result”, since "the limitation of one year and 90 days in which a court may exercise its discretion to grant late filing, based on the disability of infancy, would be automatically extended by the disability itself’ (70 AD2d 94,
 
 *265
 
 105-106).
 
 [3]
 
 We, however, find nothing incongruous about such a result. By incorporating the toll for disability into the limitations period specified in section 50-e (subd 5), the Legislature merely enlarged the time frame during which a court could lawfully grant an infant permission to serve late notice of claim. Once the authority of the court was expanded in this manner, it remained necessary for the Legislature to furnish a set of guidelines for the court to use in determining whether it should exercise its discretion in favor of a particular claimant. In this connection, the Legislature quite reasonably indicated that the infancy or other disability of the claimant is an appropriate factor to be taken into account when an application for an extension is made pursuant to section 50-e (subd 5). Thus, the "anomaly” which the Appellate Division perceived is readily explainable, and there is no incongruity in recognizing that the period during which an extension may be granted may be expanded to include the entire period during which the claimant’s disability obtains. Of course, it goes without saying that the mere availability of the toll does not in itself •mandate that an extension be granted in every case involving an infant or an individual having another disability covered by CPLR 208. The decision to grant or deny an extension under section 50-e (subd 5) is still purely a discretionary one, and the courts remain free to deny an application for an extension in the interests of fairness to the potentially liable
 
 *266
 
 public corporation. The incorporation of the toll into the period of limitations specified in section 50-e (subd 5) merely confers upon the courts the authority to entertain the otherwise untimely applications of disabled claimants; it does not, however, dictate that such applications automatically be granted.
 

 In the present case, there must be a reversal, since the Appellate Division denied petitioner’s application for an extension of the time to serve notice solely on the basis of its erroneous assumption that the time for making such application had expired. Inasmuch as the Appellate Division found it unnecessary to consider the propriety of granting an extension in light of its legal conclusion that it had no authority to entertain the application, however, we must now remit the matter to that court so that it will have an opportunity to exercise its discretion and to pass upon the question whether an extension should be granted under the particular facts and circumstances presented in the case (see CPLR 5613; Cohen and Karger, Powers of the New York Court of Appeals, § 174). We note that a remittal is particularly appropriate in this case, since there is an unresolved assertion by the respondent school district that it had no actual notice of the incident upon which the claim is based and is therefore without the means to retrace the events in question and to prepare an adequate defense (cf.
 
 Cedano v City of New York,
 
 51 NY2d 896).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to that court for further proceedings in accordance with this opinion.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, etc.
 

 [1]
 

 . For a thorough discussion of the history of section 50-e of the General Municipal Law in our courts and an explanation of the concerns which ultimately impelled the Legislature to amend that statute, see Graziano, Recommendations Relating to
 
 *259
 
 Section 50-e of the General Municipal Law and Related Statutes (Twenty-First Ann Report of NY Judicial Conference, 1976, pp 358-451).
 

 [2]
 

 . Special Term granted the application for relief only insofar as it requested an extension of the time within which to serve notice of the infant Daniel Cohen’s claim.
 
 *260
 
 The
 
 court concluded that any
 
 claim which the infant’s father might have was time-barred, since the toll provided in CPLR 208 could not operate to enlarge his rights under section 50-e (subd 5). No appeal was taken from this aspect of Special Term’s ruling, and, consequently, we have no occasion to address ourselves to it in the instant appeal.
 

 [3]
 

 . The presently effective version of section 50-e (subd 5) of the General Municipal Law reads in its entirety as follows:
 

 "5. Application for leave to serve a late notice.
 

 "Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.
 

 "An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation.”