■ Gladys Chilan, as Mother and Natural Guardian of Maritza F. Chilan, Also Known as Maritza Flores, Appellant, v City of New York et al., Respondents. — Order, Supreme Court, Bronx County (Kent, J.) entered September 22, 1981, which denied plaintiff's motion for leave to file a late notice of claim pursuant to section 50-e of the General Municipal Law, unanimously reversed to the extent of granting plaintiff's motion to file a late notice of claim, on the law and the facts and in the exercise of discretion, without costs, and otherwise affirmed. At issue here is whether the continuous treatment doctrine would apply so as to toll the applicable Statute of Limitations and delay the time of filing a notice of claim under section 50-e of the General Municipal Law. Infant plaintiff was born on July 3, 1970 following a three-day induced labor at Lincoln Hospital, operated and maintained by the New York City Health and Hospitals Corporation. Defendant's medical records show that this was an unusual birth with early indications of fetal distress. Within a short period after birth, the infant was readmitted to Lincoln Hospital suffering from uncontrolled seizures, microcephaly, and psychomotor retardation. The diagnosis was "perinatal asphyxia" or oxygen deprivation before or during birth (see Stedman's Medical Dictionary [23rd ed, 1979]). The subsequent medical history clearly shows that numerous visits

were made to the Lincoln Hospital Pediatric Neurology Clinic and the General Pediatric Clinic spanning just over seven years. From the time of the infant's birth in 1970 until August, 1977, no other medical facility rendered any treatment. In all, over 30 visits were made, numerous drugs were administered (Valium, Dilantin, Phenobarbitol, etc.) and rehabilitative therapy was prescribed. The plaintiff's mother alleges that throughout this period the child's true condition was withheld from her and the cause of the medical problems was attributed as being "God's will." It was not until 1979, when the child was treated at Long Island Jewish Hospital, that the mother was informed of the permanence of her daughter's condition and of the defendant's alleged malpractice. Almost immediately thereafter this action was commenced. In the light of the numerous visits (compiling some 75 pages in the medical record) for the repeated treatment of the original problem, *allegedly* caused by the defendants, the care of the infant plaintiff must certainly be described as continuous and would toll the applicable Statute of Limitations of section 50-e. (*Borgia v City of New York,* 12 NY2d 151.) It is unrealistic to expect a patient to institute a malpractice action as long as a relationship of trust and confidentiality exists. (*Greene v Greene,* 80 AD2d 55, 58.) Section 50-e of the General Municipal Law, prior to 1976, was designed to limit the basic period in which a notice of claim could be served on a municipality to 90 days, and thereafter the court, in its discretion, could extend the period one year. (See *Rodriguez v City of New York,* 54 AD2d 692, affd 44 NY2d 398.) Subsequently the time limit for any discretionary extensions was amended to be "the time limited for the commencement of an action by the claimant" (General Municipal Law, § 50-e, subd 5, as amd L 1976, ch 745, § 2), which would be "subject to the tolls for infancy and insanity provided in CPLR 208". (*Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, at p 259.) The provisions of the 1976 amendment are available to all plaintiffs whose claims accrued within one year of the effective date (Sept. 1, 1976). (*Matter of Beary v City of Rye,* 44 NY2d 398.) Inasmuch as the plaintiff was under the continuous care and treatment of the defendant, her claim did not accrue, and her time for filing did not begin to run, until the end of her treatment in 1977, well after the effective date of the amended subdivision 5 of section 50-e. In accordance with *Cohen (supra),* the applicable Statute of Limitations for the notice of claim is coextensive with the infancy period (see *Yepez v County of Nassau,* 79 AD2d 1023; New York State Law Digest, No. 251, p 3). Therefore, pursuant to CPLR 208, leave to serve a notice of claim was improperly denied. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Ross, JJ.