Meyer, J.
(dissenting). The majority reaches its conclusion that an application under subdivision 5 of section 50-e of the General Municipal Law for extension of time must be made within one year and 9.0 days in reliance on dictum in Cohen v Pearl Riv. Union Free School Dist. (51 NY2d 256, 262-263) and in total disregard of the legislative history of chapter 745 of the Laws of 1976 and of the salutary purpose of the amendments made by that act, which was to alleviate the harshness to which this court itself had called the attention of the Legislature in Camarella v East Irondequoit Cent. School Bd. (34 NY2d 139, 142). Because stare decisis does not require that we accord precedential value to a statement in a prior decision phrased broadly enough to cover the present case but made with respect to facts in the prior case which did not require consideration of the point now in issue (People v Rosano, 69 AD2d 643, 654, affd 50 NY2d 1013; Sliosberg v New York Life Ins. Co., 217 App Div 67, 74, affd 244 NY 482; see Colonial City Traction Co. v Kingston City R. R. Co., 154 NY 493, 495; 21 CJS, Courts, § 190, pp 309-310), and because review of the history of the amending statute makes crystal clear that the Legislature did not intend the result the majority now reaches, I respectfully dissent and vote to reverse and remit in Moore, to affirm in Pierson and to reverse and reinstate in Tarquinio.
*957 The Cohen dictum upon which the majority relies was stated in discussion of the question “whether the period during which a court may grant an extension of time within which to serve notice of claim is tolled during the infancy of the claimant in accordance with CPLR 208.” The answer was in the affirmative because “[b]y its terms, the amendment [sic] version of section 50-e (subd 5) makes the period during which such an extension may be granted coextensive with the Statute of Limitations governing the claim” and, therefore, to the extent that CPLR 208 tolled the period of limitations there was “a concomitant tolling of the time during which late notice of claim may be served” (51 NY2d, at pp 262-263). Not involved or addressed in Cohen was the question on which these cases turn: May the application for extension be made after the governing limitation period has expired? All that the Cohen facts required was the conclusion that the extension authorized by the second sentence of subdivision 5 was at least as long as the applicable limitation period, including any period of tolling. The unfortunate use of the word “during” rather than “for” in Cohen’s statement that subdivision 5 “makes the period during which such an extension may be granted coextensive with the Statute of Limitations” should not now be permitted to deprive the three claimants involved in these appeals of the right to litigate their claims. Especially is this so because the history of the amending statute shows that although Cohen’s tolling result was intended by the Legislature[1] its gratuitous limitation of time to apply for an extension was not.
To meet Camarella’s suggestion for revision of section 50-e “in order that a more equitable balance may be achieved between a public corporation’s reasonable need for prompt notification of claims against it and an injured party’s interest in just compensation” (34 NY2d, supra, at pp 142-143) and similar problems that had been brought to its attention, the Office of Court Administration commis *958 sioned a comprehensive study by Professor Paul S. Graziano of St. Johns’ University School of Law.[2] On the basis of that Study, from which however it departed in some respects, the Judicial Conference recommended changes in section 50-e, among other statutes.[3] It noted that “the functional purpose of the notice of claim is to protect a public corporation against stale or unwarranted claims and to enable it to investigate claims timely and efficiently” (Report, at pp 286, 302) and that “The tightly woven provisions of the present law governing leave to serve a late notice of claim (subd 5) should be loosened, keeping in mind the functional purpose of the notice, stated above, and the need to balance the interests of the public and of the injured person” (Report, at p 287). It summarized the purpose of its recommendations as follows (at p 288):
“A more equitable balance has been sought by (1) breathing greater flexibility into section 50-e without defeating its basic purpose, (2) codifying and clarifying existing decisional law on troublesome questions, and (3) overruling decisional law and repealing or amending statutes that do not reflect the basic purpose of notice of claim statutes or that have led to unjust results.
“The added flexibility in section 50-e is attained primarily by enlarging the period within which a late notice of claim may be filed, not to exceed the limits set by a statute of limitations, and articulating some of the factors which should guide the court’s discretion in permitting a late filing.
“It is intended that older judicial decisions construing the provisions of section 50-e rigidly and narrowly will be inapplicable as a result of these remedial amendments,, which will enable the courts to apply these provisions in a more flexible manner to do substantial justice.”
To be noted is the fact that nothing in that statement of purpose speaks to whether an application for permission to file a late notice of claim must precede the filing of such a *959 late notice, or can be granted after such a filing and after the permissible extension period, provided the public corporation has received the required information within the permissible extension period. That the construction of subdivision 5 espoused in Cohen and now embedded in the statute by the majority’s conclusion in these cases is an unwarranted limitation on the scope of the discretion intended by the Legislature to be vested in the court is, moreover, clear, for both the prior statute and the provision as proposed in the Study contained a specific limitation as to time of application which the Judicial Conference deleted from the bill as presented to the Legislature.
The subdivision as it read prior to 1976 specifically required that “Application for such leave [to serve a late notice of claim] must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencment of an action to enforce the claim” and also that leave be. granted “within a reasonable time after the expiration of the period specified in subdivision one” (Study, at pp 401, 402). As proposed in the Study, the latter limitation was to be removed (Study, at p 401) but not the former. Accordingly, the subdivision as the Study proposed that it be amended required, in paragraph (b) that “In all other [than disability of infancy or insanity] cases, the application must be made within one year after the happening of the event upon which the claim is based” {id., at pp 402, 412) and in paragraph (c) that “An application for leave to serve a late notice of claim shall not be denied on the ground that it was made after the commencment of an action to enforce the claim” {id.).
As presented by the Judicial Conference to the Legislature, however, the subdivision consisted of two unlettered paragraphs, which differed from the Study proposal in respects determinative of the present issue. First, the Judicial Conference revision deleted from the first paragraph of the Study bill the words “within a reasonable time after the expiration of the time” specified in subdivision 1. Second, it dropped from the second paragraph of the Study bill the sentence (quoted above) requiring that application be made within one year after the event (compare Study, *960 pp 402, 412, with Report, pp 291, 300-301) and replaced it with a limitation on the extension which could be granted rather than the time of the application [“The extension shall not exceed the time limited for the commencment of an action by the claimant against the public corporation”]. The third paragraph of the Study bill Was, however, left intact except for the deletion of its identifying letter “c” (Report, at p 291).
The comment of the conference on the subdivision as presented to the Legislature called attention to the great flexibility provided and the part to be played in a court’s exercise of discretion of prejudice to the public corporation. As to the first, it was noted that (Report, at p 300) “The proposed amendment to subdivision 5 would significantly extend the discretion of the court to grant leave to file a late notice of claim. The subdivision, as amended, reflects a substantial change of policy in respect to applications for leave to file late notices of claim, giving the court greater flexibility in exercising discretion in this area.” As to the prejudice factor, its statement was: “Substantial prejudice to the public corporation in maintaining its defense on the merits, if caused by the delay in serving the notice of claim, should weigh against the claimant. Thus, if neither the corporation nor its attorney nor its insurance carrier had actual knowledge of the essential facts constituting the claim and if, as a result of claimant’s default in serving a timely notice of claim, the public corporation was deprived of the opportunity to make an efficient and reliable investigation of the event on which the claim is based, the court in the exercise of its discretion might well deny leave to file a late claim” (Report, at pp 302-303). It noted also (at pp 301, 303) that the period of extension was limited to that of the period of limitations, including tolling under CPLR 204 (subd [a]) and CPLR 208, but said nothing with respect to the time within which application for an extension need be made.
As passed by the Legislature, therefore, the subdivision contains a limitation on the period of the extension that can be granted but no expressed limitation on the time within which the extension must be applied for. Implicit in the second unnumbered paragraph of the subdivision, how *961 ever, is the intent of the Legislature that the application for leave can be made after expiration of the limitation period for it expressly provides that an application “shall not be denied on the ground that it was made after commencment of an action” (emphasis supplied). Because an action may be commenced on the last day of the one-year and 90-day limitation period and an application made after the action was so commenced shall not be denied on that ground alone, it necessarily follows that application may be made after the limitation period has expired. That does not mean that prejudice to the public corporation against which the claim is made may not result in denial of the application or that denial may not result from the court’s assessment of the other discretionary factors. What it does mean is that short of a showing of prejudice or evidence supporting denial on the basis of such other factors, the application “shall not be denied.” It follows that Justice Leonard Sandler’s analysis of the statute for the Appellate Division in Pierson was correct.[4] Moreover, both courts below concluded in Pierson that discretion should be exer^ cised to approve nunc pro tunc the late notice of claim upon which a comptroller’s hearing had been held, and that the city’s affirmative defense should, therefore, be stricken. There being no abuse of discretion as a matter of law in their having done so, the Appellate Division order in Pierson should be affirmed.
Determination of the proper results in Moore and Tarquinio requires analysis of additional provisions of the section. Paragraph (a) of subdivision 1 of the section requires that a notice of claim be filed “within ninety days after the claim arises” and subdivision 2 of the section *962 spells out the form and content of the notice. Subdivision 3 establishes how and upon whom the notice is to be served, and provides that service made timely but in a defective manner is nevertheless valid if the public corporation demands an examination in regard to it or if the notice is in fact received timely by the proper person and not returned within 30 days after receipt with a notice specifying the defect in service. If such a notice as to defect is served, claimant has 10 days after receipt of the notice in which to make service anew in a proper manner.
Subdivision 3, which concerns defects in the manner of service, makes no provision for discretionary action by a court; rather it validates otherwise defective service upon a specified factual showing. By contrast, subdivisions 5 and 6 do not operate automatically; rather they vest in the courts discretion as to untimely service and as to defects made in good faith in the form or content of a notice of claim. As to the latter, subdivision 6 gives the court discretion to order the defect “corrected, supplied or disregarded,” the sole criterion being that “it shall appear that the other party was not prejudiced thereby.” As to the former, subdivision 5 is much more elaborate. It vests the court with discretion to extend the 90-day period for service of a notice, but makes clear that the time for service cannot be extended beyond the limitation period. It specifies that “the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified [90 days] in subdivision one or within a reasonable time thereafter” in determining whether to grant the extension. It then mandates that the “court shall also consider all other relevant facts and circumstances” including disability, excusable error, justifiable reliance on settlement representations, and whether the delay “substantially prejudiced the public corporation in maintaining its defense on the merits.”[5] Finally, it *963 negates the implication that would otherwise arise from the provisions of section 50-i, requiring service of a notice of claim prior to service of the complaint and an allegation in the complaint that 30 days have elapsed since the notice was served,'by expressly directing that “leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action.”
Thus, under the express provisions of subdivisions 5 and 6 neither the order in which the notice of claim and the complaint are served nor the form in which the notice of claim is cast is jurisdictional. Indeed, as to form and content, as distinct from time or manner of service, both the Report (at p 304) and the Study (at pp 404, 413) note that there has been incorporated into section 50-e the liberal discretionary powers vested in the court under CPLR 2001. Moreover, the Study (at p 395) (in reference to paragraph [b] of subdivision 3, it is true, but which appears equally applicable to the phrase wherever used in the section) states that “The words ‘notice of claim’ * * * should be liberally construed. Thus, if the information identifying the public corporation against which the claim exists is contained in a letter accompanying the notice of claim, the two should be read together. Actual knowledge, acquired via written communication, should be the test”. (emphasis supplied).
It follows from the foregoing that the First Department was correct in Tarquinio, as it had been in Pierson, in concluding that the application for leave to serve a late notice could be served after the period of limitations had expired, but incorrect in its conclusion that a complaint served after the expiration of the 90-day period but within the statutory period for commencement of an action could not be deemed a notice of claim. Its reason (that “the entire statutory scheme requiring the filing of notices of claim would be obviated” [84 AD2d, at p 268]) does not withstand analysis for a number of reasons. First, subdivision 6 and the last unnumbered paragraph of subdivision 5 and the Report and Study comments on them evidence the contrary *964 legislative intent. Second, the statutory scheme for notice of claim will be obviated only if the court finds that the public corporation has not been prejudiced in defending the action. If actual knowledge acquired through a writing is the proper test, then it should not matter whether the writing is entitled as a “notice of claim” or as a “complaint”. If, however, the public corporation establishes that it has in fact been prejudiced by reason of the form in which the information was received, the application will be denied and the statutory scheme enforced. Third, reliance by the Tarquinio court on the sentence quoted from Camarella is misplaced because the Legislature made clear by its 1976 amendments that it did not decree a particular form of notice; indeed, by the provisions of subdivision 6, it gave the courts express power to substitute something else.
Thus the determination whether Special Term should have granted the Tarquinio cross motion and denied the city’s motion to dismiss turned as to the form of the notice upon whether the city had been prejudiced and as to its lateness upon a number of factors including whether the city had been prejudiced. Special Term found no prejudice. Given the fact that there was a city investigation within a few days of the accident and that the complaint was served within the period of limitations, plaintiffs must be deemed ' to have made a sufficient showing of lack of prejudice to the city to require that it go forward with proof of prejudice. The Appellate Division’s reversal on this aspect is, however, based not on record evidence but on generalized conjecture, as the two paragraphs of its opinion preceding the final paragraph show. Indeed, more was not possible, the city having filed in opposition only an affidavit of an Assistant Corporation Counsel, the only claim of prejudice in which was that plaintiff had not submitted to examination. It did not, however, allege any demand or deny that with his bill of particulars plaintiff had served a notice of availability for physical examination. I would, therefore, reverse the Appellate Division order and reinstate that of Special Term.
In Moore, on the other hand, I would reverse and remit to the Appellate Division for its review of Special Term’s exercise of discretion in favor of complainant. The Appel *965 late Division held Special Term to be without jurisdiction because the application was made after expiration of the Statute of Limitations. For the reasons already detailed as to Pierson above, that ruling was incorrect. Plaintiff had in fact served a notice of claim within the period of limitations, though not until almost a year after completion of the demolition of the building upon which her claim was based. The city having rejected her notice as untimely, plaintiff’s application for permission to file her claim nunc pro tunc was, therefore, within the power of Special Term to act upon. However, the Appellate Division exercises the same discretion as does Special Term. Because it decided the question as a matter of law and did not consider whether discretion should be exercised in plaintiff Moore’s favor, the matter should be remitted to the Appellate Division, Second Department, for its consideration of that question.
In Pierson v City of New York: Order reversed, with costs, motion to dismiss defendant’s affirmative defense denied, and question certified answered in the negative in a memorandum.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer dissents and votes to affirm in an opinion in which Judge Fuchsberg concurs.
In Moore v City of New York: Order affirmed, with costs, in a memorandum.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer dissents and votes to reverse in an opinion in which Judge Fuchsberg concurs.
In Tarquinio v City of New York: Order affirmed, with costs (see Pierson v City of New York, decided herewith).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer dissents and votes to reverse in an opinion in which Judge Fuchsberg concurs.

. “[T]he proposed statute provides that an extension of the time period within which a notice of claim may be filed shall not exceed the time limited for the commencment of an action by the claimant against the public corporation. However, the statute of limitations may be tolled when the claimant is a person under disability because of infancy or insanity at the time when the cause of action accrued (CPLR 208)” (Twenty-first Ann Report of NY Judicial Conference, 1976, p 303).

. The study (hereafter “Study”) is printed at page 358 ff of the Twenty-first Annual Report of the Judicial Conference (1976).

. The Fourteenth Annual Report of the Judicial Conference to the Legislature on the CPLR (hereafter “Report”) in which the changes were recommended is printed at page 286 ff of the Twenty-first Annual Report of the Judicial Conference (1976).

. The majority’s conclusion that “To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations” is, simply put, a non sequitur. When the necessary data has been presented to the municipality before limitations have run, all the court is called upon to do is consider whether under all the circumstances leave would have been granted had it in fact been applied for at the time the information was furnished, which in no way extends'the period of limitations. No more determinative is the quotation from the Graziano report (at p 412) appearing at page 955 of the majority memorandum. What the majority ignores is, as noted on pages 959-960 of this dissenting opinion, the Judicial Conference thereafter deleted from the section the sentence on which the quoted Graziano statement was based.

. The Report notes with respect to subdivision 5 (at p 301) that “In determining whether to grant such permission the court is permitted to consider all relevant circumstances.” It also spells out (id.) the reason for the particulars it includes: “In order *963 to provide guidance for the exercise of the Court’s discretion and to assure a functional and flexible use of the power vested in the court, the subdivision enumerates some of the facts that are pertinent to the granting of leave to file a late notice.”