■ In the Matter of HAYDEE GELPI, as Administratrix of the Estate of EDWIN PRUNA, Deceased, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORPORATIONS, Appellant. — In a proceeding, *inter alia,* pursuant to section 50-e of the General Municipal Law, for leave to serve a late notice of claim upon the New York City Health and Hospitals Corporation, asserting a cause of action for conscious pain and suffering, the corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated August 6, 1981, as granted that branch of the petition. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and the branch of the petition which seeks leave to serve a late notice of claim asserting a cause of action for conscious pain and suffering is denied. Edwin Pruna was admitted to Queens General Hospital on September 1, 1979. On September 9, 1979, he died while in the hospital. On May 19, 1981, Haydee Gelpi (hereinafter petitioner) was appointed administratrix of Pruna's estate. Petitioner promptly served the New York City Health and Hospitals Corporation (hereinafter appellant) with a notice of claim alleging a cause of action for wrongful death and claiming that Pruna's death was caused solely by the malpractice of appellant, its servants, agents and/or employees, in the diagnosis and treatment of Mr. Pruna. It is undisputed that this notice of claim,

served within 90 days of petitioner's appointment as administratrix, was timely served (see *Joseph v McVeigh,* 285 App Div 386, affd 309 NY 877). Shortly after her appointment as administratrix, petitioner sought leave to serve a late notice of claim stating a cause of action for conscious pain and suffering. Such leave was granted by Special Term and this appeal followed. The Court of Appeals has stated that "[w]here [a] notice of claim has not been served within the 90-day period specified in section 50-e (subd 1) of the General Municipal Law, an individual possessing a potential tort claim against a public corporation may apply to the court pursuant to section 50-e (subd 5) for an extension of the time within which to serve such notice upon the defendant" (*Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 258) and that "the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the [S]tatute [of Limitations] has been tolled" (*Pierson v City of New York,* 56 NY2d 951, 954, citing General Municipal Law, § 50-i, subd 1, and *Cohen v Pearl Riv. Union Free School Dist., supra*). Special Term held that CPLR 210 (subd [a]) tolled the applicable period of limitations for a period of one year and that under the *Cohen* case, the one-year 90-day period had likewise been extended for one year. Thus, Special Term found the motion to be timely and granted leave to serve the late notice of claim. Special Term correctly noted that subdivision 5 of section 50-e of the General Municipal Law "makes the period during which such an extension may be granted coextensive with the Statute of Limitations governing the claim" (see *Cohen v Pearl Riv. Union Free School Dist., supra,* p 263). However, CPLR 210 (subd [a]) did not, in the case at bar, toll the Statute of Limitations. That subdivision states that "[w]here a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his representative within one year after his death." It has been held that this provision can never operate to shorten the period of limitation (*Ruping v Great Atlantic & Pacific Tea Co.,* 279 App Div 322), and that, therefore, it is of potential application only in situations where the claimant dies with less than one year remaining on the relevant period of limitations (*Santaniello v De Francisco,* 73 Misc 2d 934, adhered to on rearg 74 Misc 2d 229, affd 44 AD2d 831). At the time of Mr. Pruna's death more than one year remained on the Statute of Limitations. Therefore, CPLR 210 (subd [a]) has no applicability to the case at bar and the period of limitations has not been tolled. In view of this fact, the order of Special Term must be reversed, insofar as appealed from, and leave to serve the late notice of claim denied. Thompson, J. P., Bracken, Rubin and Boyers JJ., concur.