(December 20, 1982)

■ RICHARD BRIGANTI et al., Appellants, v HARRISON CENTRAL SCHOOL DISTRICT, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), dated March 23, 1981, which granted defendant's motion for summary judgment dismissing the action, and denied their cross motion for leave to serve a late notice of claim, or in the alternative, a declaration that they had complied with section 50-e of the General Municipal Law. Order affirmed, with $50 costs and disbursements. The plaintiffs' cross motion was made more than one year and 90 days after the plaintiff Richard Briganti attained his majority. As a matter of law, Special Term was not authorized to grant leave to serve a late notice of claim upon an application pursuant to section 50-e of the General Municipal Law made after the time limited for the commencement of an action against the public corporation had expired (see General Municipal Law, § 50-i, subd 1, par [c]; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 259, 262). Further, defendant's knowledge of the accident and receipt of statements for certain medical and dental services within 90 days from the date of the accident, cannot be equated with plaintiffs' compliance with section 50-e of the General Municipal Law, which requires written notice of a tort claim. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.