■ STELLA GOUDIE, Appellant, v COUNTY OF PUTNAM, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, the appeals are from (1) an order of the Supreme Court, Putnam County (Sullivan, J.), entered January 6, 1982, which denied the application, (2) an order of the same court, entered March 9, 1982, which denied the appellant's motion to reargue, and (3) a further order of the same court, entered November 5, 1982, which denied appellant's motion for an order "stating the motion made by the plaintiff on March 2, 1982, was a motion to renew and not a motion to reargue". Appeals from the orders entered March 9, 1982 and November 5, 1982, dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order entered January 6, 1982, affirmed, without costs or disbursements. On July 3, 1979 appellant was injured while riding a bicycle on a portion of the shoulder of Route 301 in the County of Putnam. Counsel was promptly retained and a notice of claim was filed against the State of New York well within the statutory time therefor. Counsel for the appellant claims that it was not until on or about October 2, 1981, when he was preparing for trial, that he was notified by the Attorney-General's office that the State would claim that the area where the accident occurred was under the control of the County of Putnam at the time the accident occurred. In its answer to the appellant's claim, which had been served in December of 1979, the State had denied that it constructed and maintained the highway in question. In April of 1981, appellant had taken the deposition of a State employee who testified, *inter alia,* that at the time of the accident the County of Putnam had maintained certain portions of Route 301. On October 9, 1981 the appellant made an application for leave to serve a late notice of claim. She argued that, by reason of the fact she was an infant at the time of the accident, she was entitled to an order permitting her to serve a late notice of claim, citing *Cohen v Pearl Riv. Union Free School Dist.* (51 NY2d 256). Special Term properly held that under *Cohen,* a claimant's infancy merely tolled the Statute of Limitations limiting the time in which such an application could be made and that "[t]he incorporation of the toll into the period of limitations specified in section 50-e (subd 5) merely confers upon the courts the authority to entertain the otherwise untimely applications of disabled claimants; it does not, however, dictate that such applications automatically be granted" (*Cohen v Pearl Riv. Union Free School Dist., supra,* p 266). Under the circumstances herein, the court ruled that the appellant was not entitled to have her application granted automatically but was entitled to have it considered on the merits. In denying the application, Special Term found that there was no explanation for the inactivity of counsel after the State's answer was served denying the allegation of construction and maintenance. Furthermore, Putnam County had clearly shown that it would be prejudiced if the application was granted. We agree. The appellant has given no valid reason why she took no action when the State's answer was

served, or after taking the deposition of the State employee. As a result, the instant application was not made until approximately 27 months had elapsed from the time of the occurrence and it is undisputed that this was the first notice to the County of Putnam of the claimed accident. Moreover, it is clear that there is substantial prejudice to the county insofar as defending the case on the merits. What this court said in a similar case applies even more forcefully here — "Were we to find the delay here excusable, precious little of section 50-e of the General Municipal Law would survive in this department * * * Since we do not believe the Legislature intended its 1976 amendment of section 50-e to amount to *de facto* abolition of the section, we conclude that Special Term did not abuse its discretion by denying the application" (see *Matter of Morris v County of Suffolk,* 88 AD2d 956, 957). We note that Special Term properly considered the two motions which resulted in the orders entered March 9, 1982 and November 5, 1982, respectively, as motions for reargument, in spite of the designation given them by appellant. The so-called additional material facts submitted by the appellant in support of these two motions were known to the appellant at the time the original motion was made but no explanation was given as to why they were not submitted on the original motion (see *Matter of Carillo v Axelrod,* 83 AD2d 552; *Foley v Roche,* 68 AD2d 558, 568; *Matter of Dowling v Bowen,* 53 AD2d 862). Parenthetically we note that the additional material was of no probative value insofar as the basis for Special Term's decision was concerned. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.