■ RAMON MONTANA, an Infant, by His Mother and Natural Guardian, MARGARITA SANCHEZ, et al., Respondents, v CITY OF NEW YORK, Appellant. —

In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Egitto, J.), dated August 5, 1982, which granted petitioner's application. Order reversed, on the law, and in the exercise of discretion, without costs or disbursements, and application denied. On September 17, 1978, at approximately 4:00 P.M., the eight-year-old infant petitioner, Ramon Montana, slipped and fell down a stairway of the premises located at 27 Ingram Street, in Brooklyn, New York. The infant suffered a fracture of the tibia and other injuries. On September 29, 1978, the infant and the mother retained counsel. A title report was obtained which showed that the property where the accident occurred was owned by one David Gechter. On October 13, 1978, petitioners timely served a summons and complaint on Gechter. However, no answer was ever served by Gechter, nor was any other response made to the summons and complaint. Another report obtained on or about December 5, 1978 once again showed Gechter as the owner of the property. Petitioners' attorney took no further action on this case until nearly three years later, when, on September 25, 1981, in contemplation of taking an inquest, he requested another title report. The report, received on October 8, 1981, for the first time revealed that the premises had been deeded through in rem proceedings to the City of New York on December 27, 1973. On or about May 18, 1982, over seven months after learning that the City of New York owned the premises where the accident occurred, petitioners applied for leave to serve a late notice of claim on it. An affirmation in support of the application was submitted by petitioners' attorney, in which he stated that "[t]he claimant-petitioner's infancy, however, in this instance was not the cause of the failure to file a Notice of Claim". Special Term granted the motion in the "interests of justice". We reverse. Subdivision 5 of section 50-e of the General Municipal Law, as amended in 1976, permits a court, in its discretion, to extend the time to serve a late notice of claim for up to one year and 90 days after accrual of the cause of action (see *Pierson v City of New York,* 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Furthermore, in cases where an infant is a claimant, the court may, in its discretion, grant an application to serve a late notice of claim beyond the one-year 90-day period (*Cohen v Pearl Riv. Union Free School Dist., supra*). However, the granting of such applications is totally discretionary with the court, and applications for leave to serve a late notice may be denied in fairness to the potentially liable public corporation, notwithstanding the claimant's infancy (*Cohen v Pearl Riv. Union Free School Dist., supra,* pp 265-266). Under the circumstances presented in this case, the disability of infancy is outweighed by other factors, requiring denial of the application for leave to serve a late notice of claim. First, the City of New York has been prejudiced since it never received notice of the accident, which occurred over three years before petitioners filed their motion for leave to serve a late notice. It will therefore be virtually impossible for the city to investigate the condition of the stairway and the circumstances concerning the accident. Furthermore, petitioners waited from October 8, 1981, the date their attorney learned that the city owned the premises, until May 18, 1982, to apply for leave to serve a late notice. In *Matter of Morris v County of Suffolk* (88 AD2d 956, affd 58 NY2d 767) this court, under somewhat similar circumstances, found that there was prejudice to the municipal corporation and that there was unreasonable delay in filing the application for leave to serve a late notice. The facts in the case at bar mandate a similar result. The fact that petitioners' attorney admitted in his affirmation in support of the application at Special Term that infancy was not the cause of the failure to serve a notice of claim presents further justification for the denial of the application. Therefore, the application should have been denied in its entirety

(see, also, *Goudie v County of Putnam,* 95 AD2d 823). In any case, the application insofar as it applies to the mother, Margarita Sanchez, should also have been denied as a matter of law. Applications for leave to serve a late notice of claim, absent a toll, must be filed within one year and 90 days after accrual of the cause of action (see *Pierson v City of New York, supra; Matter of Manfredonio v New York City Health and Hosps. Corp.,* 116 Misc 2d 652). Since her application was filed on May 18, 1982, more than one year and 90 days after the cause of action accrued, the application as it applies to her, was clearly untimely. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.