■ In the Matter of TINA M. TETRO, an Infant, by Her Mother and Natural Guardian, Appellant, v PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law, claimant appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated November 9, 1982, as, upon vacating respondent's prior default in answering, denied her application for leave to serve a late notice of claim on the merits, and (2) from an order of the same court, dated March 30, 1983, which denied her motion for reargument. Appeal from the order dated March 30, 1983, dismissed. No appeal lies from an order denying reargument. Order dated November 9, 1982, reversed, insofar as appealed from, on the law and as a matter of discretion, and application granted. Claimant's proposed notice of claim annexed to her motion papers deemed served. The appellant is awarded one bill of costs. On March 1, 1976 claimant, who was then 11 years old, fractured her elbow while using a slide on the grounds of the respondent school district. The accident was reported immediately to the school district. As a result of the accident, claimant underwent surgery to repair the fracture. There was also an indication at that time that additional surgery would be required when claimant was older, following which a determination could be made as to the extent and permanency of her injury. Following the accident, the school district sent a medical insurance claim form to claimant's mother, which she completed and returned. According to claimant, the school district paid all or almost all of her medical expenses at that time. In January, 1982, after claimant had reached the age of 16, she re-entered the hospital for further surgery. The additional surgery, however, was allegedly unsuccessful and claimant's arm remains permanently deformed. According to claimant's mother, although the school district initially agreed to pay the expense of this additional surgery as it had paid for the past medical expenses, it subsequently declined to do so. At that time, counsel was first contacted and the instant application was made for leave to serve a late notice of claim. A proposed notice of claim attributing the cause of the accident to a loose bar at the top of the slide was annexed to the motion papers. In exercising its discretion with respect to an application for leave to serve a late notice of claim, "the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5; see *Matter of Somma v City of New York*, 81 AD2d 889). The court is also required to take into

account all other relevant factors, including the claimant's infancy (see *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Notwithstanding the delay in serving the notice of claim in the instant case, the school district received actual notice of the accident on the day it occurred. That factor should be accorded great weight (*Matter of Cicio v City of New York,* 98 AD2d 38). Further, it is apparent that claimant's delay was occasioned, in part, by her mother's reliance upon the school district's prior willingness to assume responsibility for claimant's medical expenses. In addition, the delay was also caused by the fact that the full extent of claimant's injury was apparently not ascertainable until she had attained greater physical maturity, and thus was related to her infancy (cf. *Montana v City of New York,* 96 AD2d 1031; *Matter of Vezza v City of Yonkers,* 92 AD2d 570). Under the circumstances, therefore, we conclude that claimant should have been permitted to serve a late notice of claim. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.