OPINION OF THE COURT
Vincent Pizzuto, J.
In this medical malpractice action plaintiff, an infant by her mother and natural guardian, moves for an order granting leave to serve a notice of claim nunc pro tunc.
*892 The undisputed and relevant facts are as follows: On or about December 16, 1977, infant allegedly sustained injuries to her right arm during her delivery at Kings County Hospital. It is further alleged that the infant returned to Kings County Hospital for continuous treatment up to and including September 24, 1979. Defendant concedes that infant was continuously treated until September 24, 1979.
On or about September 28, 1988, infant’s mother' consulted counsel for the first time regarding this claim. Thereafter, counsel made a motion for the aforementioned relief, which was originally returnable October 25, 1988.
Respondent opposes the above motion claiming that petitioner’s cause of action is time barred. Respondent contends that the infant’s claim accrued on December 16, 1977, the date of delivery and not September 24, 1979, the last date of continuous treatment. Although the Statute of Limitations is tolled for 10 years due to infancy pursuant to CPLR 208, respondent alleges that the period of continuous treatment is subsumed under the 10-year extension for infancy.
CPLR 214-a sets forth in part: "An action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure”.
McKinney’s Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2]; L 1969, ch 1016, § 1) establishes the Statute of Limitations for actions against the New York City Health and Hospitals Corporation as one year and 90 days after the cause of action shall have accrued.
The issue of whether the doctrine of continuous treatment applies to actions against municipal corporations was resolved by Marabello v City of New York (99 AD2d 133). The Appellate Division, Second Department, held: "As a general rule, an action for medical malpractice accrues on the date when the act, omission or failure complained of occurs * * *. Two exceptions, initially delineated by our Court of Appeals and subsequently codified by the Legislature, serve to temper the harshness of this rule, namely (1) where there is 'continuous treatment’ * * *. Such exceptions also apply to the timeliness *893 of service of a notice of claim, a condition precedent to the commencement of an action against a municipal hospital under the jurisdiction of the Health and Hospitals Corporation”. (Supra, at 137.)
Thus, the action accrued on September 24, 1979, the last date of continuous treatment and not on December 16, 1977, the date of the incident.
The one-year-and-90-day period of limitations has also been tolled by reason of plaintiff’s infancy. In actions for medical malpractice wherein the claimant is an infant, the Statute of Limitations is tolled for a period not to exceed 10 years after the accrual of the cause of action (see, CPLR 208). The Court of Appeals in Cohen v Pearl Riv. Union Free School Dist. (51 NY2d 256, 259) held that "the period specified in the amended version of section 50-e (subd 5) during which a court may authorize service of a late notice of claim is completely coextensive with the time limited for commencing an action against a public corporation and is therefore similarly subject to the tolling provisions of CPLR 208.”
This court finds that the infant’s cause of action accrued on September 24, 1979, the last date of continuous treatment and that the time within which the infant is to commence an action is tolled by CPLR 208. Defendant’s contention that the period of continuous treatment is subsumed by the infancy toll is without merit. The doctrine of continuous treatment and the toll for infancy are two separate and distinct statutory exceptions to the Statute of Limitations and absent legislative authority to the contrary, one is not meant to run concurrently with the other. The unreported decision by Justice Hansel McGee in Janvier v New York City Health & Hosps. Corp. (Sup Ct, Bronx County, index No. 16918/88) submitted by defendant is not applicable to the facts before this court.
Upon the foregoing papers, and in the discretion of this court, plaintiffs motion to serve a late notice of claim is granted. The notice of claim annexed to the moving papers shall be deemed served nunc pro tunc.
All parties are directed to appear for a preliminary conference on Wednesday, June 21, 1989, at 9:30 a.m., 360 Adams Street, room 360, Brooklyn, New York.