■ VICKY MOUNDROUKAS, by Her Mother and Natural Guardian, DINA MOUNDROUKAS, Plaintiff-Appellant, v BRONX MUNICIPAL HOSPITAL CENTER et al., Respondents, et al., Defendants. [678 NYS2d 627] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered September 22, 1997, which, upon reargument, granted defendants' previously denied motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the motion court that the prior 1990 order of the same court (Herbert Shapiro, J.), granting plaintiff leave to serve a late notice of claim, was not intended to authorize service of such notice upon the New York City Health and Hospitals Corporation (HHC) defendants, but rather was intended exclusively to authorize late service of such notice upon the individual HHC employees named as defendants in plaintiff's medical malpractice action. This construction of the 1990 order is compelled by the circumstance that the law as it existed in 1973—at the time of the malpractice alleged by plaintiff—did not empower a court to entertain an application for service of a late notice of claim against an HHC entity more than one year subsequent to the alleged malpractice (*see, Matter of Beary v City of Rye*, 44 NY2d 398, 407; *Grellet v City of New York*, 118 AD2d 141, 144; *see also, Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 260-261 [infancy toll inapplicable within the subject one year period for moving to serve a late notice of claim]). Plaintiff's 1990 motion for leave to file a late notice of claim fell outside that one year period, and we see no reason to suppose that the court to which the motion was addressed purported to assert authority it did not have. In contrast to the above-noted strictures governing late notice upon HHC entities, applicable law did permit the 1990 motion court discretion to decide whether plaintiff's service of late notice of claim ought to be allowed upon the HHC employees (*see, Matter of Rodriguez v New York City Health & Hosps. Corp.*, 88 AD2d 660, 661; *Matter of Perez v New York City Health & Hosps. Corp.*, 84 AD2d 789, 790, *lv denied* 56 NY2d 508). In construing the court's 1990 order as accomplishing no more than that which was legally permissible, then, the court in adjudicating the subject motion read the order in what was the only sensible way. Finally, since the action against the individual defendants has already been dismissed for plaintiff's failure to serve them with a summons and complaint and, since in light of the motion court's manifestly correct construction of the 1990 order the complaint must also be dismissed against the remaining defendants, i.e., the HHC entities, for plaintiff's failure to serve them with a timely notice of claim, it follows

that the motion court was bound to grant defendants' motion for the dismissal of the complaint in its entirety.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Williams and Saxe, JJ.