■ MINDY J. TREPEL, as Public Administrator of the Estate of ISRAEL YAEGER, Deceased, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. [693 NYS2d 159] —In an action, *inter alia*, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 2, 1998, which granted the plaintiff's motion for leave to reargue and, upon reargument, denied the defendants' motion to dismiss the cause of action asserted in the complaint to recover damages for pain and suffering.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the time within which an action must be commenced under Public Authorities Law § 1276 (2) constitutes a period of limitation which may be tolled or extended pursuant to CPLR 210 (a) (*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375; *cf., Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 264; *Mingone v State of New York,* 100 AD2d 897; *Matter of Gelpi v New York City Health & Hosps. Corp.,* 90 AD2d 503, 504; *Santaniello v De Francisco,* 74 Misc 2d 229, *affd* 44 AD2d 831; *see also, Flemming v Long Is. R. R.,* 72 NY2d 998, 1000; *but see, Cassandro v Metropolitan Suburban Bus Auth.,* 178 Misc 2d 484).

In arguing to the contrary, the defendants rely on cases relating to the service of a notice of claim rather than to the commencement of an action (*see, Pelnick v State of New York,* 171 AD2d 734; *Kaplan v State of New York,* 152 AD2d 417), or upon statutes in which the Legislature unequivocally made commencement within a specific period a condition to the State's consent to suit (*see,* McKinney's Uncons Laws of NY § 7107 [L 1950, ch 301, § 7]; Court of Claims Act § 8; *see also, Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., supra*). The defendants' remaining contentions are without merit (*see, Perla Assocs. v Ginsberg,* 256 AD2d 303). S. Miller, J. P., Goldstein, H. Miller and Feuerstein, JJ., concur.